## MATTHEWS *v.* CONTINENTAL CASUALTY COMPANY.

### Opinion delivered February 24, 1906.

ACCIDENT INSURANCE—TIME LIMIT.—An accident policy which insured against accidents occurring within one year from 12 o'clock noon, standard time, of the date of the policy, which was the 11th day of December, 1902, did not cover an accident which occurred in the afternoon of December 11, 1903.

Appeal from Miller Circuit Court; *Joel D. Conway,* Judge; affirmed.

*L. A. Byrne,* for appellant.

The law does not recognize fractions of days. The contracted liability of the company was to run one year from 12 o'clock noon, December 11, 1902, and the contract being silent as to the exact moment of time when it should cease, the whole of the day of December 11, 1903, must be counted.  I Biddle on Ins. § § 591, 592 and foot-notes; May on Ins. (2 Ed.), § § 400, 401.  When a policy expresses liability to run from a given date, the first day of the date of the policy is excluded.  167 Mass. 188; 89 Mass. 487; I Q. B. 402; Kirby's Digest, § 7822; 33 Ark. 423; 42 Ark. 93; 52 Ark. 265; 118 Mass. 502.  At common law frac-

tions of days are not regarded, unless the contract specifically calls for a certain moment of time. 1 Pick. 495; 8 Cash. 371-373; Wood on Stat. Lim., § 54 and notes.

*Glass, Estes & King* and *Scott & Head,* for appellee.

The legal fiction that there are no fractions of days does not apply. By specific agreement in the contract, the exact time when the liability commenced and when it ceased is fixed. The time must be computed from 12 o'clock, noon, December 11, 1902, standard time, and necessarily ends at 12 o'clock, noon, on December 11, 1903. See 16 Ohio St. 210; 37 Ill. 240; 60 Me. 88; 60 Wis. 286.

The term "year" when used in contracts, means a calendar year of 365 days. 15 Pet. 162.

BATTLE, J. On April 11, 1904, the appellant filed her complaint, which alleges:

"That at the date of the accident hereinafter complained of the said plaintiff and her deceased husband, Ivan I. Matthews, were citizens of Miller County, Arkansas, and the defendant company was and is an incorporated accident insurance company, incorporated under the laws of the State of Indiana.

"That on the 11th day of December, 1902, while the relation of husband and wife existed between this plaintiff and the said Ivan I. Matthews, her said husband, he took out a policy of accident insurance in and with the said Continental Casualty Company, the defendant herein, whereby the said defendant undertook and did insure the said Ivan I. Matthews against loss by accident, and in case of death by accident the said company agreed and bound itself to pay this plaintiff as beneficiary in said policy the sum of one thousand dollars in case of such accident occurring 'within one year from 12 o'clock noon, standard time,' of the date' of the policy.

"That the premium of said policy was duly paid and the same duly delivered to the assured, a true copy of which is attached to this complaint.

"That on the 11th day of December, 1903, about the hour of four o'clock and thirty minutes in the afternoon, standard time, and before the said policy had expired, while the said Ivan I. Matthews was hunting in Miller County, Arkansas, and while he

was attempting to cross a fence, his gun was áccidentally discharged, and load took effect in his shoulder, from which he died the same day, two or three hours afterwards.

"That this plaintiff has complied with all the terms of said contract, given the notice of death, and furnished the proof of death of her said husband, but the defendant neglects and refuses to comply with the terms of said contract of insurance and pay the indemnity, although often requested, and denies liability thereunder.

"Wherefore, premises considered, plaintiff prays judgment for one thousand dollars, with interest thereon, for costs and for general relief."

The defendant demurred to the complaint. The court sustained the demurrer. The plaintiff refused to plead further; and the court dismissed the action.

The defendant insured Ivan I. Matthews against accidents occurring "within one year from 12 o'clock, noon, standard time, of the date of the policy, which was the 11th day of December, ᴛ o2." The accident to Matthews happened on the 11th day of December, 1903, at four o'clock and thirty minutes in the afternoon. Did the defendant insure Matthews against this accident? This is the only question in the case.

The parties to the contract of insurance agreed and stipulated when the year should begin. They had the right to fix the time and did so. The contract is valid, and must be enforced according to its terms. The accident did not occur within the year so fixed, and plaintiff can not recover.

Judgment affirmed.