Sovereign Camp, W. O. W., *v.* Rhyne *et al.*

(Division B.   Jan. 14, 1935.)

[158 So. 472.   No. 31523.]

**Johnson & White**, of Lexington, for appellant.

A. M. Pepper, of Lexington, for appellees.

Argued orally by **H. H. Johnson**, for appellant, and by **A. M. Pepper**, for appellees.

**Griffith, J.**, delivered the opinion of the court.

More than thirty-five years ago appellee's decedent took a policy or certificate of life insurance in appellant association, and throughout all these years, month by month, he paid all premiums and assessments down to and including the month of January, 1933. The insured died about midday on March 1, 1933. The premium or dues for the month of February, 1933, had not been paid at the time of the death of the insured, and the society denied liability on the policy.

To meet new conditions, especially in respect to changes in beneficiaries, there had been surrenders of existing policies and the issuance of new policies in lieu thereof. The last policy was issued on February 6, 1924. This policy stipulated that the monthly premiums should be paid "on or before the last day of each month," and the constitution and by-laws of the society provide that if an insured fail to make any such payment on or before the last day of the month, he shall thereby become suspended and his beneficiary certificate shall be void.

Attached to, or accompanying, the policy or certificate of insurance last mentioned, there was the following document:

"Beneficiary Certificate.

6.87        34 Miss.        Apt. 5        App. Record.
  O.K.
H.D.L.        Number 5086        Amount   $2,000
Sov. J. W. Rhyne   Certificate issued Feb. 6, 1924.

Woodmen of the World a Benevolent Secret Beneficiary Fraternity.
                "Important.
"The Member Should See That His Assessments and Dues Are All Paid on or Before the First Day of Every Month.

"The delivery of this Beneficiary Certificate shall not be binding upon the Sovereign Camp unless Section 56 of the Constitution and Laws of this Order has been fully complied with.
"Feb. 6, 1924     Feb. 6, 1924."

The quoted document or notice is an equivalent to the formal declaration by the home office of the society that although the policy and the constitution and by-laws of the association require the payment of the monthly premium on or before the last day of the month, nevertheless, if paid on or before the first day of the month, the payment will be regarded and accepted as being within due time. Moreover, this payment refers to the dues of the month just closed, for the payment for that month was not due even under the terms of the policy itself until the last, not the first, of the month.

Consequently, under the terms of the quoted notice or declaration by the society, the insured had throughout the entire day of March 1, 1933, to pay the February, 1933, premium, the rule being as stated in Love Petroleum Co. v. Atlantic Oil Producing Co., 169 Miss. 259, 270, 152 So. 829, 153 So. 389, "that where performance is to be within a specified time the party bound has until the last moment of the last day so specified;" and the insured having died at noon on March 1, 1933, there had at that time been no default and the policy was in full force.

Appellant contends, however, that the quoted declaration or notice was not a part of the policy sued on. That it was sent to the insured along with the policy is shown

by the evidence introduced by the appellant itself; but we think it immaterial whether it was actually attached to the policy or was sent along with the policy or was sent at another time. In any event, it was a declaration of purpose as aforesaid by the society, and, if it did not mean that a premium for an immediately preceding month would be regarded and accepted as being within time when paid on the first of the immediately succeeding month, then the notice or declaration would have to be denounced as having no sincere or honest purpose; but we do not ascribe any such unworthy purposes to a reputable insurance society doing business in our state. Equitable Life Assur. Soc. v. Serio, 155 Miss. 515, 521, 124 So. 485. On the contrary, it is presumed that these societies have in all things proceeded in good faith, and, in any event, precisely that will be required of them by our courts.

But the society itself has construed the effect of the notice aforesaid to be exactly as we have above stated. The deposition of the secretary of the Sovereign Camp was taken and introduced; and, in answer to the thirteenth interrogatory, he stated as follows: "The monthly payments provided for in said beneficiary certificate were paid to and including the month of January, 1933; but the monthly installment due and payable on or before the last day of February, 1933, was not paid on or before March 1, 1933." Thus there is a clear recognition in this answer that the February, 1933, premium could have been paid on March 1, 1933, and, if so paid, would have been within time; so that the defense of the society, apparently, is not that the premium would be too late if paid on March 1, 1933, but rather is upon the fact that it was not actually paid on that day, thereby overlooking the fact that the policy remained in full force throughout that day and that the death occurred before the close of that day.

If, however, it may be said that the court should not

hold the society to the interpretation admitted by its head secretary as above quoted from his answer, the result must be the same, for the reason that the notice or declaration of the society sent out from its head office is capable of the construction given by its secretary, and is, in fact, as we have already shown, the more reasonable construction; and we may therefore recur to the pertinent principle affirmed in Love Petroleum Co. v. Atlantic Oil Producing Co., 169 Miss. 259, 270, 152 So. 829, 153 So. 389, that "when a party relies upon a time provision in a contract as being of the essence of that contract, it is no more than just that when he thus calls for strictness in adjudication he should show that he has been as definite and certain in his contract stipulations in respect to the time relied on as he is in the strictness to which he seeks to hold the other party in relation thereto," or perhaps more pertinent still is the passage from the opinion of this court in Morgan v. Independent Order, 90 Miss. 864, 875, 44 So. 791, 794: "If the order seeks to avoid its liability by requiring of its members technical exactness in the payment of their dues, this court will exact of it technical exactness in its moral duties towards its membership, to the end that none may be misled."

The course of the argument has indicated that perhaps the present contention, in part, of appellant is that the January, 1933, premium was not paid on time and that the policy was forfeited for that reason, some parts of the testimony being that the premium for that month was paid on February 1, 1933, and other parts that it was not paid until about February 5, 1933. This contention, if intended to be insisted upon, is not available, for the settled rule in this state is that the acceptance of a premium after the time when it should have been paid is a waiver of the forfeiture which might have been enforced because it was not paid when due. Continental Life Insurance Co. v. Clanton, 149 Miss. 289, 294, 115 So.

569. And we add that this rule applies where, before any loss has accrued under the policy, the premium is received after it is due by an agent without power to waive forfeitures and is afterwards accepted and retained by the insurer without inquiry, as was the case here. 14 R. C. L., p. 1189, section 367.

Affirmed.