UNION TRUST CO. OF DISTRICT OF CO-LUMBIA v. CONTINENTAL CAS. CO.

STEPHENSON v. CONTINENTAL CAS. CO.

Nos. 11062, 11063.

United States Court of Appeals District of Columbia Circuit.

Argued Dec. 4, 1951.

Decided Feb. 21, 1952.

Jo V. Morgan, Jr., Washington, D. C., with whom Jo V. Morgan, Washington, D. C., was on the brief, for appellants.

Ernest A. Swingle, Washington, D. C., with whom Edwin A. Swingle and Allan C. Swingle, Washington, D. C., were on the brief, for Continental Cas. Co.

Before EDGERTON, PROCTOR, and BAZELON, Circuit Judges.

PROCTOR, Circuit Judge.

Mr. and Mrs. Ralph F. Miller each purchased a policy from Continental Casualty Company, appellee, insuring against accidental death. Both policies, issued on identical forms, contained the following provision: "This policy takes effect on the date and hour stated in the Schedule and expires on the same hour at the end of the number of days stated in the Schedule as Term of Coverage * * *." Through insertions in the blank spaces, under the heading "Schedule," are the following statements:

"Term of Coverage THIRTY ONE
. . . . . . . . . . . . . . .
(No. of Days)
"EFFECTIVE AT: HOUR EIGHT A.M.
. . . . . . P.M.
(One)
"Date October 1, 1949."
. . . . . . . . . . . . . .

Both Millers were killed by the crash of a plane near Washington National Airport at 11:45 A.M., November 1, 1949. Companion suits were filed in the District Court

upon each policy for the principal sum therein specified. All essential facts, including those above set forth, were pleaded. In each case the insuring company filed a motion to dismiss and the plaintiffs filed motions for summary judgment. There were no disputed facts. The motions to dismiss were granted and judgments entered in favor of the Company. These appeals are from those judgments.

The sole question is whether the policies were in force at the deaths of the assured. The District Court held that they were not; that the policies expired November 1, 1949, at 8:00 A.M.

Appellants contend that the policies were ambiguous regarding the term of coverage; therefore, that they should be construed most favorably to the assured. The argument, as summarized by counsel, is that by liberal construction the policies did not expire until "the end of" thirty-one days; that "In computing number of days, the first day is excluded and the last counted"; that without excluding the first day there would still be coverage since the definition of the word " 'day' " most favorable to the insured, as well as its use and common meaning is " 'midnight to next midnight,' not a period starting at 8:00 A.M. and ending at 8:00 A.M. the next day, as appellee urges, so that, in any event, the policies could not have expired prior to midnight November 1, 1949, twelve hours and fifteen minutes after the crash."

The whole argument is based upon the theory that the language of the policies rendered the coverage period ambiguous. However, we agree with the district judge that there is no ambiguity. We think the language is clear and certain, and leaves no room for doubt that the coverage began at 8:00 A.M., October 1, 1949, and expired at 8:00 A.M., November 1, 1949, some three hours and forty-five minutes before the fatal accident. Matthews v. Continental Casualty Co., 1906, 78 Ark. 81, 93 S.W. 55; accord, Upton v. Travelers, 1919, 179 Cal. 727, 178 P. 851.

We refrain from discussing any rules of construction predicated upon an assumed ambiguity, which does not exist in this case. A court cannot disregard the definite terms of an insurance policy and make a new contract for either party. Cf. Mutual Benefit H. A. Ass'n v. Kennedy, 5 Cir., 1942, 140 F.2d 24.

Affirmed.