NATIONAL SECURITY LIFE & CASUALTY COMPANY
v. GEORGE W. DAVIS.

No. A-4017. Decided May 13, 1953.
(257 S.W. 2d Series 943)

*Chaney & Davenport* and *F. B. Davenport,* of Dallas, for petitioner.

The Court of Civil Appeals erred in construing the clause the insurance policy which stated that a renewal premium due on the first of the month at 12 o'clock noon must be paid on or before that time to keep the policy in effect, could be paid at any time during the day on which the renewal was due. Donaldson v. National Life & Acc. Ins. Co., Texas Civ. App., 53 S.W. 2d 136, R.S. 1925, Art. 1728.

*Earl Luna and Neal C. DeShazo,* both of Dallas, for respondent.

The Court of Civil Appeals committed no error in holding that the policy naming 12 o'clock noon, as the time at which the renewal of insurance policy premium should be paid in order to keep the policy in effect, and the premium not having been paid at that time the policy had not expired at the time of an accident seven hours later, therefore the holder of said policy should receive benefits thereunder. Haywood v. Grand Lodge K.P., Texas Civ. App., 138 S.W. 1194; Pacific Mut. Life Ins. Co. v. Harris, Texas Civ. App., 68 S.W. 2d 1062; Ragan v. Provident Life & Acc. Ins. Co., 209 Iowa 1075, 229 N. W. 702.

MR. JUSTICE CULVER delivered the opinion of the Court.

This suit was brought to recover accidental death benefits provided in a certain accident and hospitalization policy issued by petitioner company, National Security Life & Casualty Insurance Company, a statewide mutual. The trial court rendered judgment in favor of the petitioner company which on appeal was reversed and rendered by the Court of Civil Appeals in favor of the respondent, Associate Justice Magill dissenting. 255 S. W. 2d. 576.

The first provision on the first page of the policy reads:

"Renewal premium $4.80 due on or before the first day of each month beginning March 1st without grace", and also on the first page:

"The payment in advance of premiums of $4.80 monthly thereafter beginning with March 1, 1950, is required to keep this policy in effect."

On the last page of the policy, among "additional provisions", is the following:

"(c) The term of this policy begins at 12 noon Standard Time of the place where the insured resides on date hereof against accident and on the 15th day thereafter against disease and ends at 12 o'clock noon same Standard Time on date any renewal is due."

The facts are without dispute. The last premium on this policy was paid on August 1, 1950 and the insured was killed accidentally on September 1, 1950 at 7:15 P.M.

The decision turns upon the proper construction of the foregoing quoted terms of the policy. The sole question for determination is whether or not the policy was in force at the time the insured met her death.

The petitioner contends that by virtue of the last named condition, inasmuch as the premium had not been paid prior to 12 o'clock noon on the day of this fatal injury, the policy had lapsed and recovery must be denied.

The respondent asserts that there is a resulting conflict and ambiguity in the policy created by the quoted provisions and such must be resolved in favor of the insured. He maintains that the first two provisions gave the insured the unqualified right to pay renewal premiums at any time during the day of September 1st and, therefore, the term of the contract did not end at noon, but was in full force and effect until midnight of that day.

■ The general rules of construction of insurance policies are too well established to require any detailed discussion or considerable citation of authorities. Contracts of insurance are governed by the same rules as other contracts. First Texas Prudential Ins. Co. v. Ryan, 125 Texas 377, 82 S. W. 2d 635.

The policy must be considered as a whole and effect be given to each part where reasonably possible. Standard Accident Ins. Co. v. Thompson, 139 Texas 116, 161 S. W. 2d 786. Where there is an ambiguity or uncertainty as to the meaning, that construction must be given which is favorable to the insured. United Service Automobile Ass'n. v. Miles, 139 Texas 138, 161 S. W. 2d 1048; Missouri State Life Ins. Co. v. Carey, Texas Com. App., 276 S. W. 227.

■ We find no Texas cases very much is point, but in other

jurisdictions on identical facts the question here has been resolved in favor of the petitioner. Quoting from Appleman's Insurance Law and Practice, Vol. 1, Sec. 109, "The mere existence of an unexercised option of accepting premiums under an accident policy extending beyond the policy period does not operate to extend the insurance, so as to cover an accident happening between the expiration of the insurance and the termination of the option," citing Davis v. Mutual Benefit Health & Accident Ass'n., 168 Okla. 514, 34 P. 2d. 579. In that case the provisions in the policy were similar to those quoted above. The premiums were paid on the policy up to and including noon June 1st. At 8 P.M. on that day, which fell on Sunday, the insured sustained a fatal accident. The beneficiary of the policy insisted that by reason of the renewal day being on a Sunday, a nonbusiness day, the premium would not be due until the following day. The court held that regardless of that fact, the policy expired by its terms at noon on June 1st. and was not in force at the time the insured met his death. To the same effect is the case of Upton v. Travelers' Insurance Co., 179 Cal. 727, 178 Pac. 851, 2 A. L. R. 1597, and the early case by the Supreme Court of Arkansas, Matthews v. Continental Casualty Co., 78 Ark. 81, 93 S. W. 55. The policy in the latter case covered an accident occurring "within one year from 12 o'clock noon, standard time, of the date of the policy" which was the 11th day of December, 1902. The accident to Matthews happened on the 11th day of December 1903 at 4 o'clock in the afternoon. Recovery was denied, the court declaring: "They had the right to fix the time and did so. The contract is valid and must be enforced according to its terms."

In Mutual Benefit Health & Accident Ass'n. v. Kennedy, 5 Cir., 140 F. 2d. 24, the accident policy following the same form of the one here under consideration, was construed in favor of the company. In that case the insured drowned at 2 o'clock P.M. of September 1st. The court held that the premium being due at 12 o'clock noon on that day and not having been paid, no recovery could be had. See also Union Trust Co. v. Continental Casualty Co., 90 U.S. App. D.C., 216, 194 F. 2d. 901.

In the case of Purvis v. Commercial Casualty Co., 160 So. Car. 484, 159 S. E. 369, the policy provided that insurance should be for 12 months beginning at noon on September 3, 1928. The receipt book contained notice that premiums must be paid on or before September 3, 1929. An accident for which liability was claimed occurred on September 3, 1929. Recovery was denied.

We have been cited to no authority which holds that the terms of the policy herein sued upon and above quoted are conflicting or ambiguous or requires that the last provision which clearly sets forth that the policy will terminate at noon on the day the renewal is due must be disregarded as insisted upon by the respondent.

Reliance is placed by the respondent upon the holding in Pacific Mutual Life Ins. Co. v. Harris, Texas Civ. App., 68 S. W. 2d. 1062, 1066 (wr. dism.). The point involved there was not whether the life insurance policy was in force at the time of the insured's death, but whether or not the policy had been converted into one fully paid up, the court holding:

"The general rule is that, where a premium is to be paid on a certain day, but no particular hour is specified for the payment thereof, the insured has the whole of such day and until midnight thereof in which to pay such premium without being in default. * * *"

Respondent also cites Sovereign Camp W.O.W. v. Rhyne, 171 Miss. 687, 158 So. 472. This was a suit on a life policy which had been in effect for 35 years. The policy stipulated that the monthly, premiums should be paid on or before the last day of each month but attached to the policy was a document labeled "Beneficiary Certificate" providing "The Member Should See That His Assessments and Dues are All Paid on or Before the First Day of Every Month." The court held merely that the certificate was a part of the policy and the conflicting provisions should be resolved in favor of the insured.

■ Respondent's position is that by implication the term of the policy was extended until midnight of September 1st. In construing the policy as a whole and giving effect to each part where that can be done with reasonable possibility an implication cannot be allowed to override an express provision. 17 C.J.S., Contracts, Sec. 328; Gulf Production Co. v. Kishi, 129 Texas 487, 103 S. W. 2d. 965; Joseph v. Bostick, Texas Com. App., 276 S. W. 672. The insured paid for exactly one month's protection against accidental injury and that is what she received, no more and no less.

The judgment of the Court of Civil Appeals is reversed and that of the district court is affirmed.

Opinion delivered May 13, 1953.