**IOWA MUTUAL INSURANCE COMPANY, Appellant,**

v.

**Clarence E. FAULKNER et al., Appellees.**

**No. 10424.**

Court of Civil Appeals of Texas.

Austin.

Oct. 24, 1956.

Rehearing Denied Nov. 14, 1956.

Coleman Gay, James R. Meyers, Austin, for appellant.

Dan Moody, Jr., Austin, for appellees.

ARCHER, Chief Justice.

This suit was instituted by appellees to recover under a policy of burglary insurance issued by appellant.

Upon a trial without a jury the court rendered judgment for appellees for $510. Appellant admits liability for $122.50, the amount of the damages to the safe. The remainder of the judgment is made up as follows: damage to cash register $16; $50 cash taken from the cash register; $60 from a stamp box; $200 in "hot check" money; $60 from an envelope and $1.50 from a dues box, all taken from an unlocked storage cabinet, a total of $387.50, for which liability is denied.

The appeal is based on one point of error, towit:

"The county court erred in allowing recovery for the loss of money from an unlocked cabinet and cash register and for damage to the latter where such loss and damage were not occasioned by burglary as defined by coverage of the policy."

The policy is divided into three parts: Declarations, Insuring Agreements and General Conditions. The issue here is confined to Coverage D, which is as follows:

"Coverage D—Safe Burglary. For all loss of or damage (except fire) to money, securities and merchandise including the furniture, fixtures and other property in the premises occasioned by burglary or attempt thereat of any safe or vault in the premises; and also for all such damage to the premises provided the insured is owner thereof or is liable for such damage. 'Burglary' as used herein shall mean a felonious entry into such safe or vault by actual force and violence (of which force and violence there shall be visible marks made of tools, explosives, electricity, gas or chemicals, upon the exterior of (a) all of the doors of the safe or vault if entry is made through such doors, or (b) the top, bottom or walls of the safe or vault, through which entry is made if not through such doors) while all the doors of such safe or vault are duly closed and locked by combination or time lock and while such safe or vault is located in the premises, or elsewhere after removal therefrom by burglars."

It is admitted that an attempt to burglarize the safe was made within the meaning of the policy. The appellant takes the position that nothing else which occurred during the burglary, i. e.: the loss of money from and damage to a cash register, and loss of money from an unlocked cabinet was within the risk which insured paid the defendant insurance company to assume,

such not being covered by the risk, and that such loss was not "occasioned by burglary or attempt thereat" by *violent* and *forceful* means.

Appellees insist that the phrase "occasioned by" harbors an ambiguity in that "reasonable" conclusion can be drawn that all property named is insured against loss or damage provided that an attempt at the safe be part of the same transaction, and that "occasioned by" means "incidental to."

The issue primarily is one of interpretation of the language of the insurance policy, the question being whether the contested portion of the loss and damage was covered by the coverage which appellees purchased.

Coverage D has been set out hereinabove.

We are therefore concerned with the interpretation of the portion of Coverage D as follows:

"For all loss of or damage * * * to money, securities and merchandise including the furniture, fixtures and other property in the premises occasioned by burglary or attempt thereat of any safe or vault in the premises; * * *."

We believe that a reasonable interpretation of the quoted language is that appellees' loss is within the meaning of Coverage D, or that if not actually covered, then that the clause is ambiguous and the policy should be construed in the manner most favorable to the insured. National Security Life & Casualty Co. v. Davis, 152 Tex. 316, 257 S.W.2d 943, 38 A.L.R.2d 764; Continental Casualty Co. v. Warren, 152 Tex. 164, 254 S.W.2d 762.

In order for the appellee to prevail it must be determined, not as a question of fact, but only whether the construction urged by the insured is reasonable.

If the language in Coverage D can only mean that the insurance policy was insuring insured against loss of money, etc. taken from within the safe, and against damage to furniture, fixtures and merchandise occurring as a direct result of the actual breaking into or attempting to break into the safe, and for nothing else, and if any other interpretation is wholly unreasonable, then the insurance company should have prevailed.

There is no question but what there was an attempted burglary of the safe and that money, etc., taken was on the occasion of such attempted burglary and from the cash register located on top of the safe and the cabinet close to the safe is within the coverage of the policy, and in any event the language was ambiguous. The policy will be interpreted and construed liberally in favor of the insured and strictly against insurer. Providence Washington Ins. Co. v. Profitt, 150 Tex. 207, 239 S.W.2d 379; National Security Life & Casualty Co. v. Davis, supra.

This case was tried before the court without a jury and no findings of fact were requested or made and all material disputed facts must be taken as found in favor of appellees, if there was any evidence to support the plaintiff's contentions, and we believe the record supports the trial court, and we would not be authorized to reverse the trial court's judgment unless the interpretation contended for by appellee is "wholly unreasonable."

The interpretation contended for by appellant is not the only possible one.

In Continental Casualty Co. v. Warren, supra, it was held in a divided decision that the insurer may not escape liability merely because its interpretation should appear a more likely reflection of the intent of the parties than the interpretation urged by the insured, only that the latter has to be no more than one which itself is not unreasonable, and that exception and words of limitation will be strictly construed against the insurer.

The judgment of the trial court is affirmed.

Affirmed.

HUGHES, Justice.

.I respectfully dissent.

In my opinion the words "occasioned by" mean "caused by" and do not mean "incidental to" nor "on the occasion of." Nor do I find an ambiguity in Coverage "D" of the policy.

It is obvious that the risk incident to insuring contents of a safe or vault is much less than the risk of insuring against the loss of loose money about the premises. Here nothing was taken from the safe.

I would deny recovery as to all disputed items since they were not occasioned by the attempted burglary of the safe.