### AMERICAN STANDARD LIFE INSURANCE COMPANY, Appellant,

v.

### Charles R. REDFORD, Administrator of the Estate of Archibald W. Hart, Appellee.

### No. 10776.

Court of Civil Appeals of Texas.

Austin.

June 22, 1960.

Rehearing Denied July 13, 1960.

Hornsby & Kirk, Austin, for appellant.

Vandygriff, Presnal & Baker, Austin, for appellee.

ARCHER, Chief Justice.

Appellee, Charles R. Redford, Jr., Administrator of the Estate of Archibald W. Hart, sued appellant, American Standard Life Insurance Company, for hospital and other medical expenses under an insurance policy issued by appellant to A. W. Hart. Trial was before the court without a jury. Appellee recovered judgment against appellant

for the sum of $1,061.51 plus $127.98 as statutory penalty and $350 as attorneys' fees or a total of $1,539.49.

The appeal is based on two points of error and are as follows:

"First Point: The court erred in rendering judgment against appellant for any amount because the policy sued upon provided that sickness during which a surgical operation was performed should be covered only when the sickness originates after the policy had been continuously in force for the six (6) preceding months or more without lapse during that period and the undisputed evidence disclosed that the policyholder had permitted his policy to lapse during that period.

"Second Point: The court erred in rendering judgment against appellant for penalty and attorneys' fees in the amount sued for because appellee did not plead or prove the necessary demand or loss required by Article 3.62 of the Insurance Code."

The facts are stipulated.

Under the insuring clause on the first page of the policy sued upon, such clause is expressly made "subject to all provisions and limitations hereinafter contained."

Part I—Hospitalization—of the policy is also expressly made "subject however, to all of the provisions, exclusions and limitations set forth in this policy."

The policy expressly provided under "Limitations and Reductions for Parts I and II Only" (Parts II and III are not involved in this suit) as follows:

" * * * 3. Sickness during which a surgical operation is performed shall be covered under Part I of this policy but only when the cause of sickness originates after this policy has been continuously in force for the six (6) preceding months or more without lapse during that period."

The expenses sued for were incurred in connection with a sickness during which a surgical operation was performed.

The proofs of loss stated that the first date symptoms of illness were noticed was March 3, 1959. The doctor did not diagnose the brain tumor until subsequent to March 3, 1959. The policyholder entered the hospital on March 25, 1959, suffering from a brain tumor. The diagnosis of this brain tumor resulted in a surgical operation therefor on April 13, 1959. The brain tumor was the cause of death on May 29, 1959.

The policy lapsed due to the failure to pay the premium due on November 25, 1958. General Provision No. 3 of the policy provided for a fifteen day grace period. Under its terms, the policy therefore terminated on December 10, 1958, at 6:00 P.M. The policy was reinstated effective December 20, 1958 upon payment of the regular quarterly premium of $10.25 for three months from the date of reinstatement. The policyholder did not pay any premium for the period from December 10, 1958 to December 20, 1958.

■ Contracts of insurance are governed by the same rules as other contracts, unless a contrary intention is shown by the contract, and terms are to be given the ordinary and generally accepted meaning.

■ When the terms of a policy are unambiguous and susceptible of but one reasonable construction, the courts interpret such terms as made and enforce them as written. National Security Life & Casualty Co. v. Davis, 152 Tex. 316, 257 S.W.2d 943, 38 A.L.R.2d 764.

In Southwestern Life Insurance Co. v. Houston, Tex.Civ.App., 121 S.W.2d 619, 625, er. ref., the court construed a suicide clause and a one year incontestability clause as being unambiguous, and stated:

"A contract by which a company agrees to insure the life of a person, as a rule and as in this case, sets out on

the first page a general statement that it will pay the beneficiary so much at the death of the insured, subject to the further conditions and provisions of the contract. So long as those further provisions and conditions do not infringe the laws of the state made and provided for such contracts, exceptions and conditions may subsequently be contained in the further provisions of the obligation. Under such conditions it is impossible that all matters affecting liability can be spoken in a word, line or even a paragraph; but the very fact that the contract so states in connection with the general promise to pay, is notice to the insured that all the subsequent conditions are to become a part of the contract and is notice to him that they are such. Hence, the often announced rule of construction that the instrument as a whole must be considered together. No lengthy contract could be intelligently written without breaking it up into paragraphs; each paragraph and clause becomes a part of the whole, and must be considered. To ascertain the meaning of a contract, as an expression of the intentions of the parties, each provision must be accorded its reasonable, natural and probable meaning, when considered in relation to the whole. We cannot seek to find some technical basis for finding an ambiguity when a reasonable interpretation will permit all to prevail."

In the present case the policy clearly limited the coverage for sickness during which a surgical operation is performed to only those which originated after the policy had been continuously in force for the six preceding months or more without lapse during such period. Such limitation in health and accident or hospitalization policies are usual and reasonable.

It is to be observed that another policy issued to A. W. Hart was also renewable only at the option of the company and contains the same limitation as does the policy involved in this case and had been in effect only six months and fourteen days after its issuance, but had not lapsed, the insurance provided was paid.

There are numerous cases such as United American Insurance Co. v. Pittillo, Tex.Civ. App., 308 S.W.2d 241, and Preferred Life Insurance Co. v. Holland, Tex.Civ.App., 280 S.W.2d 648, upholding policies excepting certain risks.

Since we believe the Trial Court erred in rendering judgment against appellant in any amount, we do not consider the second point relative to a penalty and attorneys' fees.

The judgment of the Trial Court is reversed and judgment here rendered that appellee take nothing.

Reversed and rendered.