AMERICAN BANKERS INSURANCE COMPANY, Appellant,

v.

Constance McDONALD, Appellee.

No. 11115.

Court of Civil Appeals of Texas.

Austin.

July 3, 1963.

Rehearing Denied July 24, 1963.

Upton, Upton, Griffis, Shannon & Porter, James D. Johnson, San Angelo, for appellant.

Snodgrass, Smith, Rose & Finley, San Angelo, for appellee.

ARCHER, Chief Justice.

Appellee filed suit to recover benefits allegedly due under a policy of health and accident insurance issued by appellant, together with attorney fees and statutory penalty. Appellant admitted issuing the policy, but contended the policy had been non-renewed and thus terminated prior to appellee's having incurred any of the medical expenses for which recovery was sought, and that accordingly, no benefits were payable. The cause was submitted to the Court, sitting without a jury, upon an agreed statement of facts, including a stipulation of the amount due under the policy if coverage were found to exist, and further, showing that on July 9, 1960, while the policy was in full force and effect, appellee sustained an accidental bodily injury in connection with which she was hospitalized on three separate occasions for which appellant paid benefits under the policy. After the termination of the third hospital confinement, appellant notified appellee that the policy would not be renewed as of January 28, 1961, the date to which premiums had been paid, and after such notification, appellee did not pay or tender any further premiums under the policy. Some eight months after the policy was non-renewed, appellee was again hospitalized in connection with the accidental injury of July 9, 1960, and the Trial Court awarded appellee benefits under the policy for this confinement.

The appeal is based on three points assigned as error and are:

"FIRST POINT: The Court erred in rendering judgment for appellee for benefits under the policy when, as a matter of law, under the agreed Statement of Facts, the policy had been terminated prior to appellee's incurring the medical expenses for which recovery was awarded appellee.

"SECOND POINT: The Court erred in rendering judgment for appellee for attorney fees and statutory penalty for the reason that, as a matter of law, under the agreed Statement of Facts, appellant was liable for no payments under the policy.

"THIRD POINT: The Court erred, in any event, in rendering judgment for appellee for attorney fees in the Court of Civil Appeals and Supreme Court in event of appeal, for the reason that said judgment is conditional and therefore void."

The facts are stipulated and are as follows:

"It is hereby stipulated and agreed between Constance McDonald, Plaintiff in the above entitled and numbered cause, and American Bankers Insurance Company, Defendant in the above entitled and numbered cause, as follows:

"1.

"That the Court has jurisdiction over the parties and the subject matter of the suit.

"2.

"That on September 28, 1959, the Defendant issued its Policy No. 216120, insuring Plaintiff for certain medical and surgical benefits as provided in such policy, which is attached hereto.

"3.

"While such policy was in full force and effect on July 9, 1960, Plaintiff sustained an accidental injury to her back while riding in a city bus in San Angelo, Texas, such injury resulting in the rupture of an intervertebral disc. Plaintiff was admitted to St. John's Hospital in San Angelo, Texas, on three occasions, for ten days beginning July 13, 1960, for five days beginning November 5, 1960, and for six days beginning December 6, 1960, and coverage was afforded her under the above mentioned insurance policy for each such hospitalization. This hospitalization was for conservative treatment of plaintiff's back injury.

"4.

"Plaintiff was notified by Defendant, in its letter dated January 12, 1961, that the company would be unable to offer coverage beyond January 28, 1961, the date to which premiums on said policy had been paid, and after such notification Plaintiff did not pay or tender any further premiums under the policy.

"5.

"On August 3, 1961, and then from August 9, 1961, through August 20, 1961, Plaintiff was again hospitalized for the surgical removal of a ruptured disc in Shannon Hospital in San Angelo, Texas, and Dr. James Wimpee of San Angelo, Texas, and Dr. Ralph Munslow of San Antonio, Texas, performed such surgery. Shannon Hospital is a 'hospital' as defined in Part 9 of the insurance policy.

"6.

"The ruptured intervertebral disc suffered by Plaintiff, which was surgically removed in Shannon Hospital in August of 1961, was a direct result from accidental bodily injury sustained by Plaintiff on July 9, 1960. By registered letter dated August 26, 1961, from Plaintiff's attorneys to Defendant, Defendant was notified of the hospitalization and medical services received by Plaintiff in Shannon Hospital and claim forms were requested. By letter dated September 5, 1961, from Defendant to Plaintiff's attorneys Plaintiff was notified that since Plaintiff's hospital confinement began after January 28, 1961, no benefits were payable under the insurance policy.

"7.

"Defendant was furnished with the hospital and medical expenses in connection with the Plaintiff's confinement in the hospital in August of 1961, and demand was made on Defendant for the benefits due under the policy, by certified mail, dated April 5, 1962, which was more than thirty days prior to the institution of the above entitled and numbered cause.

"8.

"If the Defendant's insurance policy does cover the hospitalization and surgery incurred by Plaintiff in the Shan-

non Hospital in August of 1961, the total benefits due under such policy to Plaintiff would be in the amount of Four Hundred Six & 15/100 Dollars ($406.15), together with the statutory penalty of twelve per cent (12%) of said amount.

"9.

"That if Plaintiff is entitled to recover attorneys' fees, reasonable amounts therefor are One Hundred Twenty-five & 00/100 Dollars ($125.00) in the Trial Court, One Hundred Seventy-Five & 00/100 Dollars ($175.00) in the Court of Civil Appeals, and One Hundred Seventy-Five and 00/100 Dollars ($175.00) in the Supreme Court of Texas."

We believe that the Court properly held the appellant liable for payments of benefits under its policy for hospital confinement and the other expenses resulting from an accidental injury occurring while the policy was in force.

The injury, out of which the hospital expenses have accrued, was had on July 9, 1960, at which time the policy was in force.

Appellee was admitted to the hospital on July 13, 1960 for conservative treatment of her back injury. Subsequent hospitalizations were in December, 1960 and in January, 1961.

The company notified appellee that it would be unable to offer coverage beyond January 28, 1961.

Appellee was again admitted to the hospital on August 3, 1961, and from August 9, 1961 through August 20, 1961, and a ruptured disc was removed which injury was a direct result from the accidental bodily injury sustained on July 9, 1960.

Appellant refused to pay for the hospitalization benefits occurring in August, 1961.

The question presented is whether or not under the policy issued appellant is responsible to pay the benefits provided for an operation occurring after appellant had refused to renew the policy, occurring as a direct result of an accidental injury sustained while the policy was in force.

■ As above stated, we believe that appellant is liable for such hospital expenses.

The policy was issued for a term of 30 days and renewable for subsequent thirty-day periods, and while the right to refuse to renew the policy is not questioned, but under the terms of the policy, any such refusal could not prejudice appellee's rights which had accrued under the policy.

■ An insurance policy must be strictly construed against the company writing it, and particularly of provisions which tend to defeat coverage. National Security Life & Cas. Co. v. Davis, 152 Tex. 316, 257 S.W.2d 943, 38 A.L.R.2d 764.

Appellant takes the position that two conditions must precede any liability under the policy, (1) that the insured sustained accidental bodily injuries while the policy was in force, and (2) that the insured, as the result of accidental bodily injury while the policy is in force, incurred expense for hospital confinement, and/or some of the other specified expenses.

There is no question but that appellee sustained accidental bodily injury while the policy was in force, and no question that the hospital expense, the subject of this suit did not occur at a time while the policy was in force.

Part 1 of the insurance policy provides in part as follows:

"If the insured or any member of the Family Group shall be necessarily confined within a Hospital as defined herein, as a resident patient on account of such injury or such sickness, the Company will pay the Insured the following items of hospital expense actually incurred by the insured * * * but not to exceed the amount stated below."

The amounts for which the company is responsible, includes hospital room, not to exceed $10.00 per day for a period of 200 days. The policy provides that for each complete policy year during which the policy is maintained in force, 30 days is added, until the maximum number of days reaches 365.

In the instant case the policy had been in force for more than one year.

■ We believe that under the terms of the policy appellee had coverage for 230 days for hospitalization and for other charges. The company wrote the policy and we construe it most strongly against the company.

American Indemnity Co. v. Mexia Independent School Dist., Tex.Civ.App., 47 S. W.2d 682, er. dism.

■ We do not believe that the judgment is conditional but makes a finding as to reasonable attorney's fee to be taxed as costs.

Section 3.62 Insurance Code, V.A.T.S., provides in part:

"* * * in addition to the amount of the loss, twelve (12%) per cent damages on the amount of such loss together with reasonable attorney fees for the prosecution and collection of such loss. Such attorney fee shall be taxed as a part of the costs in the case."

Appellant cites Preferred Life Insurance Company v. Dorsey, Tex.Civ.App., 281 S. W.2d 368, no writ history. In the above case an attorney's fee of $750.00 in a suit wherein insured recovered $1560.00 was not excessive.

The Court held:

"In the event we are mistaken in the application of the above rule, it is our view that under all the facts and circumstances surrounding the services rendered by appellee's attorney in this behalf, that the trial court abused his

discretion in awarding the additional fee of $300."

The judgment of the Trial Court is affirmed, and costs, including an attorney's fee of $175.00 is taxed against appellant.

Affirmed.