**SAN JACINTO TITLE GUARANTY COM-PANY, Appellant,**

v.

**H. N. LEMMON and Alfred Fragala, Appellees.**

**No. 4168.**

Court of Civil Appeals of Texas.

Eastland.

June 30, 1967.

Rehearing Denied July 28, 1967.

Trimble & Dobbs, Corpus Christi, for appellant.

Utter & Chase, Corpus Christi, for appellees.

COLLINGS, Justice.

H. N. Lemmon and Alfred Fragala brought this suit against San Jacinto Title Guaranty Company seeking to recover $1,850.00 because of the alleged breach of the terms of a policy of title insurance. The land in question was purchased by plaintiffs from a third party and plaintiffs for a valuable consideration procured the policy of title insurance from defendant guaranteeing title thereto. The alleged breach of the title insurance contract was the existence of a water line easement and pipeline on the land. The case was tried before the court without a jury and judgment rendered for the full amount of the insurance policy and $925.00 attorney's fees. San Jacinto Title Guaranty Company has appealed.

The record shows that appellees Lemmon and Fragala purchased certain land in Nueces County and received a warranty deed thereto describing it by subdivision, lot and block number and "as shown by the map or plat thereof now of record in the office of the County Clerk of Nueces County, Texas to which reference is here made for all pertinent purposes." At all times material hereto appellees have been and are the record title holders of said property. It is stipulated that there exists a water line easement across the lot and a 36 inch water line owned by the City of Corpus Christi, and that such easement existed at the time of the purchase of the property and issuance of the policy of title insurance. After acquiring title to the land appellees for a valuable consideration purchased from appellant a policy of title insurance on the

property. The title policy contains the following provision:

"SAN JACINTO TITLE GUARANTY COMPANY
A Texas Corporation–Houston, Texas

For Value Received DOES HEREBY GUARANTEE TO

H. N. Lemmon and Alfred Fragala herein styled assured, their heirs, executors and administrators, that they have good and indefeasible title to the following described real property:

Lot Number Fifteen (15) in Block Number One (1) of NUECES ACRES NUMBER TWO (2), a Subdivision in Nueces County, Texas, as shown by the map or plat Thereof now of record in the office of the County Clerk of Nueces County, Texas, to which reference is here made for all pertinent purposes."

The description of the land as above set out is the same as the description in the warranty deed by which appellees acquired same. A copy of the official plat of the property as recorded in the deed records of Nueces County was introduced in evidence. This plat shows easements, set back lines, streets, alleys and the size of the lots and blocks in the subdivision in question. The plat shows the water line easement above referred to. The title policy specifies certain exemptions from liability but it does not specifically mention, exclude or except the water line easement in question from the terms of the policy, unless the language urged and relied upon in appellant's points constitutes an exception.

Appellant presents points contending that the court erred (1) in holding that the easement was contemplated and not excluded from the terms of the policy because such easement was shown on the plat referred to in the property description "for all pertinent purposes"; that the quoted words refer to and include additional exceptions and exclusions to the risks insured against; that the court (2) erred in holding that ex-

istence of the easement constituted a failure of title thereunder, and in holding that appellees were not charged with either actual or constructive notice of the existence of the easement on the land prior to the purchase of either the land or the title insurance policy.

Appellees contend that existence of the' easement is a defect constituting a failure of title under the policy and that appellant is, as found by the court, liable therefor. Appellant contends that under the contract of title insurance, appellant only guaranteed title to a specific lot as shown by a map or plat of record, to which reference was made "for all pertinent purposes;" that the water line easement is shown on the plat and, therefore, it constitutes an exception to the risks insured against; that there is nothing wrong with the title to the lot, as so described, and that appellees have good title to the property covered by the policy.

■ Ordinarily a provision for insurance against loss generally, except for certain designated risks, includes loss from every cause not expressly excepted. 45 C.J.S. Insurance page 949, 29A Am.Jur. 416. The question for determination therefore is whether the reference in the description of the property in the policy to the map or plat of record in the County Clerk's office "for all pertinent purposes", constitutes an exception to the coverage provided by the policy.

The description of the property in the policy is identical with and obviously copied from the description in the warranty deed by which appellees acquired title. Such description refers to the map or plat of such property of record in the office of the County Clerk to which reference is made "for all pertinent purposes." Unquestionably, the reference in the warranty deed to the recorded map or plat contemplated the purposes of the deed. The description of the land in the policy was for the purpose of identifying the land covered by the policy and not, as appellant contends, for the

purpose of limiting the insurance protection purchased. In our opinion, this was the clear and unambiguous meaning of the policy. To hold otherwise would, in effect, require appellees, who have purchased title insurance, to be their own insurer in so far as their title to the land, in the respect here under consideration, is concerned. Such a result would not be in keeping with the principal purpose of the policy and under the facts shown in this record would be improper. Donahue v. Mutual Life Insurance Company, 37 N.D. 203, 164 N.W. 50, L.R.A.1918A, 300.

█ If it should be held that the language of the policy referring to the recorded plat is uncertain and ambiguous in its meaning then it should be construed strictly against the insurer. 45 C.J.S. Insurance page 948. As stated in American Bankers Insurance Co. v. McDonald, 369 S.W.2d 688, (Ct.Civ.App. 1963, error dismissed), "An insurance policy must be strictly construed against the company writing it, and particularly of provisions which tend to defeat coverage. National Security Life & Cas. Co. v. Davis, 152 Tex. 316, 257 S.W.2d 943, 38 A.L.R.2d 764."

█ Authorities also indicate that contracts of insurance should receive a practical, reasonable, and fair interpretation consonant with the apparent object and intent of the parties viewed in the light of their general object and purpose. 29 Am. Jur. page 634. Unquestionably, the principal purpose of a policy of title insurance is to insure and guarantee good title. The very name of such insurance indicates its purpose. A purchaser of such insurance seeks to avoid the necessity and responsibility of checking, examining and analyzing complex public records to determine the condition of title to land, to be assured of the existence of such good title and to be indemnified against loss through defects in title. In the instant case the San Jacinto Title Guaranty Company, for a valuable consideration, undertook to guarantee to appellees "that they have good

and indefeasible title" to certain described real property. In construing a policy of insurance the rigid rules of title law are not applicable. The nature and purpose of the insurance contract and the reasonable requirements of the underwriter are the controlling considerations. State and County Mutual Fire Insurance Company v. Kinner, 319 S.W.2d 297, (Sup.Ct.1958); Hall v. Mutual Benefit Health & Accident Ass'n, 220 S.W.2d 934 (C.C.A.1949, error ref.). Contrary to appellant's contention we hold that the court properly found that the easement in question was not excluded from coverage under the policy because of the reference in the description of the property to the map or plat "for all pertinent purposes." The court correctly held that existence of the water line easement on the land constituted a failure of title under the terms of the policy of title insurance and that appellees were not charged with actual or constructive notice of existence of the easement prior to purchasing the policy. Appellees testified that they had no knowledge of the easement, or pipeline, prior to the purchase of the property, prior to the purchase of the title insurance, or prior to construction of the house over the pipeline. There was no evidence to the contrary. In Shaver v. National Title and Abstract Company, 361 S.W.2d page 867, which dealt with a buried pipeline and a similar exception pertaining to the rights of parties in possession, it was stated as follows:

"All the authorities agree that possession, in order to constitute notice, must be actual possession of the party, or his agent or tenant, consisting of acts of occupancy which are open, visible and unequivocal, and in nature sufficient upon the observation of a subsequent purchaser to put him on inquiry as to rights of the possessor."

█ We overrule points by appellant contending that there was no evidence to support the finding and holding of the court that the market value of appellees' property had been reduced by more than

$1,850.00 by existence of the easement and water line and that appellees had been damaged in that amount. In Stewart Title Guaranty Company v. Lunt Land Corporation, 347 S.W.2d 584 (Sup.Ct. 1961), it is stated that:

"Where title defect is existence of easement, measure of liability will generally be cost of removing the easement."

It was stipulated by the parties to this suit that "—the cost of removing the subject easement and 36 inch water line therein from the subject property would exceed the amount of One Thousand Eight Hundred and fifty ($1,850.00) Dollars."

Appellant's points are all overruled.

The judgment is affirmed.