Irene **DAVIS** et vir, Appellants,

v.

**TEXAS LIFE INSURANCE COMPANY,**
Appellee.

No. 4689.

Court of Civil Appeals of Texas.

Waco.

March 21, 1968.

Rehearing Denied April 11, 1968.

Dunnam, Dunnam & Dunnam, Waco, for appellants.

Alva D. Mabray, Waco, for appellee.

## OPINION

McDONALD, Chief Justice.

This suit involves the construction of a policy of life insurance, issued by defendant on plaintiffs' son, Randy Davis, deceased. Defendants paid the "Initial Face Amount" of the policy ($3,000.), but denied liability as to the "Ultimate Face Amount" ($9,000.). Plaintiffs sued defendant for the "Ultimate Face Amount." After trial before the court, without a jury, the trial court rendered judgment that plaintiffs take nothing.

Plaintiffs appeal on 7 points, contending:

1) The trial court erred in holding the policy unambiguous.

2) The trial court erred in not rendering judgment for the Ultimate Face Amount of the policy (an additional $6,000 plus attorney's fees).

The trial court filed Findings and Conclusions summarized as follows:

## FINDINGS OF FACT

1) Randy Davis, the insured, died February 3, 1967.

2) The insured's 21st birthday was on October 11, 1966.

3) The anniversary date of the policy on April 10, 1967, is the anniversary date of the policy nearest the 21st birthday of the insured.

3) A reasonable attorney's fee would be $1500. had plaintiffs been entitled to the Ultimate Face Amount of the policy.

## CONCLUSIONS OF LAW

1) The policy does not contain one or more ambiguities on its face, but its meaning is unambiguous when all parts thereof are considered.

2) If defendant were liable for the Ultimate Face Amount of the policy, such would be $6000. plus $1500. attorney's fees.

The principal question presented: Is the policy ambiguous on its face?

The policy reads:

"Texas Life Insurance Company, Waco, Texas, Agrees to pay * * *

"A. The Initial Face Amount if the death of the Insured occurs prior to the anniversary of this policy nearest the 21st birthday of the Insured;

"B. The Ultimate Face Amount if the death of the Insured occurs on or after the anniversary of this policy nearest the 21st birthday of the Insured;

\*        \*        \*        \*        \*        \*

| " Policy No. 563453 | Insured: Randy Maxwell Davis | |
|---|---|---|
| Face Amount to Age 21 (Initial Face Amount)    $3,000. | | |
| Face Amount Thereafter (Ultimate Face Amount) $9,000. | | |
| Effective date April 10, 1951 | Age at Issue 5 | Endowment Date, April 10, 2006  " |

\*    \*    \*    \*    \*    \*

"Juvenile Endowment at Age 60 with Increased Death Benefit at age 21 with Return Premiums"

\*    \*    \*    \*    \*    \*

The insured died on February 3, 1967; the insured was 21 on October 11, 1966; the anniversary date of the policy was

April 10. April 10, 1967 is 3 days nearer deceased's 21st birthday than April 10, 1966.

Thus, under the provisions of A and B, supra, only the Initial Face Amount of the policy was due to be paid.

But the language in the box states: "Face Amount to age 21 (Initial Face Amount) $3000.; Face Amount Thereafter (Ultimate Face Amount) $9000."; and the policy thereafter states: "Increased Death Benefit at Age 21."

It is true provisions A and B are inconsistent with, and in conflict with both the provisions in the box, (and the provisions following), when considered alone.

■ The general rules of construction of insurance policies are the same as govern any other contract. The policy must be considered as a whole, and effect given to each part where reasonably possible. Where there is an ambiguity or uncertainty as to the meaning, that construction must be given which is favorable to the insured. National Security Life & Cas. Co. v. Davis, 152 Tex. 316, 257 S.W.2d 943, 38 A.L.R.2d 764; Trahan v. Southland Life Ins. Co., 155 Tex. 548, 289 S.W.2d 753. And where there are in the policy both general and special provisions relating to the same thing, the special provisions control the general where the general provisions follow the specific provisions. Such is the situation here. 17 Am.Jur.2d pp. 677, 678. And all provisions of the contract will be harmonized if it is reasonably possible so as to avoid conflict. Chapa v. Reid, Tex.Civ.App. (Er. Ref.) 248 S.W.2d 299.

■■ Applying the foregoing rules of construction, we think the language in the box (and that following), a generalization of the specific language used in A and B; and that a reasonable construc-

tion with all provisions harmonized renders the policy unambiguous.

The judgment is correct. Plaintiffs' points and contentions are overruled.

Affirmed.