**KEY LIFE INSURANCE COMPANY OF SOUTH CAROLINA, Appellant,**

v.

**Charlie DAVIS, Appellee.**

No. 7564.

Court of Civil Appeals of Texas, Beaumont.

April 25, 1974.

Wheat, Wheat & Stafford, Woodville, for appellant.

Seale & Stover, Jasper, for appellee.

KEITH, Justice.

Defendant below appeals from an adverse judgment rendered in a suit upon a policy of accident and disability insurance and we will designate the parties as they appeared in the trial court.

Plaintiff sought to recover disability benefits in the amount of $35 per week for 100 weeks under the provisions of the policy issued by the defendant. The defendant pleaded certain exclusions to be mentioned hereinafter. The jury found that plaintiff sustained an accidental injury as defined in the policy, which resulted in his total disability for twenty weeks, and fixed the attorneys' fees at $1130. Upon motion by plaintiff, the trial court entered judgment for the benefits ($700), statutory penalty of twelve percent, interest, and fixed the attorney's fees at $2000.

Defendant contends that no benefits were payable under its policy for disability resulting from a hernia. We disagree. The contract contained this language in the insuring agreement:

"The Company hereby agrees to pay benefits to the extent provided herein, and subject to the provisions, exclusions and limitations hereinafter set forth . . . ."

This was followed by several separate sections, each providing for the payment of benefits; namely, Sec. I: "Accident Indemnities for Specified Losses"; Sec. II: "Total Disability"; Sec. III: "Hospital and Medical Care Expense"; and Sec. IV: "Dental Service." The word "hernia" is not to be found in any of these sections of the policy.

Defendant relies upon subsection 10 of Section V of the policy, "Exclusions, Limitations and Reductions." We quote the entire section in the footnote [1] and set out the pertinent language involved here:

"Benefits under this Policy shall not be payable for: . . . (10) any procedure involving hernia or hemorrhoids . . . ." As might be expected, the word "procedure" has brought on this lawsuit.

In our consideration of the point now urged by defendant, we bear in mind the rule which provides that contracts of insurance are governed by the same rules as other contracts. First Texas Prudential Ins. Co. v. Ryan, 125 Tex. 377, 82 S.W.2d 635 (1935); National Security Life & Cas. Co. v. Davis, 152 Tex. 316, 257 S.W.2d 943, 38 A.L.R.2d 764 (1953); Republic National Life Insurance Co. v. Spillars, 368 S.W.2d 92, 94, 5 A.L.R.3d 957 (Tex.1963); Burns v. American Nat. Ins. Co., 280 S.W. 762 (Tex.Com.App.1926, judgmt adopted); 44 C.J.S. Insurance § 289, p. 1136 (1945); 43 Am.Jur.2d, Insurance, § 257, p. 315 (1969).

But, as was said in National Security Life & Cas. Co. v. Davis, supra: "The policy must be considered as a whole and effect be given to each part where reasonably possible. . . . Where there is an ambiguity or uncertainty as to the meaning, that construction must be given which is favorable to the insured. . . ." (257 S.W.2d at 944, citations omitted)

---

1. "Benefits under this Policy shall not be payable for: (1) any loss resulting from accidents occurring before the Injured Person's 18th birthday, or (2) any loss suffered by any person hereunder for Occupational Accidents only unless such loss occurs while the Person is actually engaged in the usual and customary duties of his employment as named in the application attached hereto, or (3) any loss suffered by any person for Occupational Accidents only while such Person is being transported to or from work, unless such Person is being transported by a motor vehicle used in the normal course of the Policyowner's business as named in the application attached hereto, or (4) any loss for which benefits are payable under any Workmen's Compensation Act or similar law, or (5) eye refraction or eyeglasses, or (6) gunshot wounds, or (7) prosthetic or orthopedic appliances, or (8) dental surgery, service or repair, except as provided under Section IV hereof, or (9) injuries intentionally inflicted on any person by himself or other persons, or (10) any procedure involving hernia or hemorrhoids, or (11) any treatment or service rendered in a facility owned or operated by any branch of Government."

Webster's Third New International Dictionary (G. & C. Merriam, 1967) defines the noun "procedure" as follows: "a particular way of doing or of going about the accomplishment of something . . . a particular course of action . . . a particular step adopted for doing or accomplishing something . . . ." Under our Workmen's Compensation Law, Art. 8306, § 12b, Vernon's Ann.Civ.St., where liability for compensation exists, the insurer is required to provide the workman with a particular surgical *procedure*; namely, "by radical operation" to correct the hernia.

■ Under the provisions of Sec. III of the policy, "Hospital and Medical Care Expense," the defendant was obligated to pay "[t]he usual and customary charge made by a licensed doctor of medicine or osteopathy for the necessary treatment of 'such injuries.'" But for the exclusion now under consideration [Sec. V, (10), "any procedure involving hernia"], defendant would have been obligated to pay for the surgical procedure needed to correct the hernia. The quoted language of the exclusion relieved the insurer of the obligation of paying for the surgical procedure necessary to correct the cause of the disability, but such language did not deny the insured the right to recover the weekly benefits for the disability caused by the hernia.

■ Had defendant desired to exclude hernias from the coverage of the disability clause, it had but to use more definite language, just as it did when it denied *all* benefits from "(6) gunshot wounds." Its selection of language has created a liability for the disability benefits while denying to it the means of terminating such benefits by paying for a surgical procedure. But, it selected the language of the policy, is bound thereby, and we are required to enforce the contract so made. Republic National Life Insurance Co. v. Spillars, supra (368 S.W.2d at 94). Point one is overruled.

■ As we interpret defendant's second point, it contends that it is not liable for the statutory penalty and attorney's fees because of its good faith defense of the suit to recover benefits. We readily concede that the defense was made in good faith but disagree with the conclusion. We also agree that Art. 3.62, Insurance Code, V.A.T.S., is "penal in nature and must be strictly construed." McFarland v. Franklin Life Insurance Company, 416 S. W.2d 378, 379 (Tex.1967). See also cases collated in Key Life Ins. Co. of South Carolina v. Taylor, 456 S.W.2d 707, 711 (Tex. Civ.App., Beaumont, 1970, error ref. n. r. e.).

Cases involving rival claimants to the proceeds of a policy are inapposite, as are those where the proof of loss discloses a policy defense. In this case, the statutory requirements were met by the plaintiff and we have held that the policy defense interposed by defendant was not valid. In considering the predecessor statute, the court in First National Life Insurance Company v. Vititow, 323 S.W.2d 313, 316 (Tex.Civ. App., Texarkana, 1959, error dism.), disposed of the contention in this language:

> "Pursuant to such Article, if a 30-day demand has been made, the penalty is collectible if the insurer is finally adjudged to be liable on the policy regardless of how justifiable its unsuccessful defense of non-liability may have appeared. Lumbermens Mutual Casualty Co. v. Klotz, 5 Cir., 251 F.2d 499. The penalty flows from failure to pay."

Point two is overruled.

Plaintiff sought to recover a reasonable attorney's fee and offered evidence in support of the amount thereof. The trial court submitted an issue inquiring of the jury what would be a reasonable fee "in this cause of action" and the jury answered $1130, the precise maximum amount supported by the testimony. Upon motion made after the verdict had been returned, and without hearing any evidence found in

our record, the trial court increased the award to $2000, but ordered such gross sum reduced in the event the case was not appealed, or if appealed, not taken beyond this court.

By its third point, defendant contends that the award so made was and is erroneous since it is greater than the amount found by the jury. We agree.

It is apparent that plaintiff followed International Security Life Insurance Co. v. Spray, 468 S.W.2d 347, 348 (Tex.1971), in drafting the judgment since the reductions ordered in the total fee are in the exact language quoted by Justice Reavley. However, *Spray* "was a non-jury case and the [trial] court heard evidence on the reasonableness of the attorney's fees. The record contains some evidence of probative force supporting the judgment for attorney's fees." This latter quotation is taken from the opinion of the Court of Civil Appeals in the *Spray Case,* 461 S.W.2d 176, 177 (Tex.Civ.App., Eastland, 1970).

Justice Reavley noted in *Spray,* supra, that "it has been decided in Texas that the award of any attorney fee is a fact issue which must be passed upon by the trial court." (468 S.W.2d at 349) Where there is a trial to a jury, it is the duty of the court to submit the "controlling issues made by the written pleadings and the evidence."[2] Rules of Civil Procedure, rule 279. In the case at bar, the plaintiff had the burden of establishing by competent evidence the amount of a reasonable attorney's fee *and* persuading the jury to return an answer thereon in his favor. This was done—to the extent of $1130—and the jury verdict received and filed.

It thereupon became the duty of the trial court to enter a judgment which "shall conform to the pleadings, the nature of the case proved and the verdict." Rule 301. Had the trial court followed Rule 301, the judgment would have been for $1130 in fees. Under the record which we review here, there was no evidence which would support a higher award; yet, without hearing evidence, and contrary to the jury finding, the court awarded $2000 with appropriate reductions as the facts might have developed.

The rule governing our question is found in 4 McDonald, Texas Civil Practice (1971 Rev. Vol.), § 17.28, pp. 189–190: "The judge may not disregard answers to material issues, set aside findings and make contrary ones, hear additional evidence and make supplementary findings on material issues." Thus, the increase in attorney's fees made by the trial judge was an unauthorized act.

Having found error in the judgment, we are required to render such judgment as the court below should have rendered and this we proceed to do by reforming the judgment and affirming the judgment as reformed. It is ordered that the allowance of the sum of $2000 as reasonable attorney's fees, *under the state of the record in this case,* is deleted and stricken from the judgment of the trial court. In lieu thereof, an unconditional allowance of attorney's fees in the amount of $1130, as found by the jury, is awarded to the plaintiff. The judgment, as reformed, is now affirmed.

All costs in the trial court are adjudged against the defendant; costs on appeal shall be divided equally, one-half thereof being assessed against each party. Rule 435.

Reformed and affirmed.

---

2. The elusive term "controlling issues" is discussed in detail by Justice Garwood in Roosth & Genecov Production Co. v. White, 152 Tex. 619, 262 S.W.2d 99, 104 (1953). See also, Hodges, Special Issue Submission in Texas, § 35 at 100 (1959); 3 McDonald, Texas Civil Practice (1970 Rev. Vol.), § 12.06.1, p. 280.