**James Micic BRIGHT, Appellant,**

v.

**NEW YORK LIFE INSURANCE COMPANY, Appellee.**

**No. 1129.**

Court of Civil Appeals of Texas, Corpus Christi.

Jan. 26, 1977.

Rehearing Denied Feb. 17, 1977.

Fisher Alsup, Jr., Alsup & Alsup, Corpus Christi, for appellant.

Bruce D. Viles, Wood, Burney, Nesbitt & Ryan, Corpus Christi, for appellee.

## OPINION

BISSETT, Justice.

This is an appeal from a summary judgment which was rendered in favor of New York Life Insurance Company, the insurer in a life insurance policy and defendant in the trial court. James Micic Bright, the plaintiff, has appealed.

The facts are undisputed. The plaintiff made application to the defendant insurer for a family life insurance policy on May 29, 1968. The application provided that the insurance applied for would take effect on June 1, 1968. Subsequently, the defendant issued such a policy on June 28, 1968, which stated: "Policy date June 1, 1968". The policy provided for $10,000.00 whole life insurance on the life of the plaintiff, $2,700.00 term life insurance on the life of his wife, and $2,000.00 term life insurance on the life of each of his children.

James M. Bright, Jr., a son of the plaintiff, who was born on August 22, 1953, died on August 3, 1975. Demand was made on the defendant for payment of $2,000.00 because of the death of James M. Bright, Jr. (the deceased). Payment was refused. The plaintiff then filed suit to recover death benefits allegedly due and payable under the policy, plus statutory penalty and reasonable attorney's fees.

The policy, under the section entitled "INSURANCE BENEFIT", provides, in part:

"A child of the Insured shall not be covered under this policy . . . after the policy anniversary date on which such child's age is 22. . . ."

\* \* \* \* \* \*

" . . . The insurance provided on the life of each child covered under this policy is term insurance expiring on the policy anniversary on which such child's age is 22. . . ."

The policy, under the section entitled "GENERAL PROVISIONS", provides, in part:

"Every reference in this policy to . . 'age' means age nearest birthday. . . ."

\* \* \* \* \* \*

" . . . Policy years . . . and anniversaries will be determined from the policy date."

The plaintiff, in summary, contends that the trial court erred in rendering summary judgment for the defendant because 1) the policy provided coverage for the deceased at the time of his death; 2) the language of the policy when read in the light of everyday meaning of the words used clearly indicates the intention of the parties to be that the deceased was covered by the policy at the time of his death; 3) the trial court, in effect, construed words of limitation in favor of the insurer, rather than against it; and 4) the trial court ignored the rule of construction that a specific provision in the policy, i. e., that a child shall be covered until the policy date on which said child's age is 22, controls over a general provision, i. e., that is a child shall be covered until he has attained the age of 22, computed to his nearest birthday.

It is the defendant's position that the policy is clear and unambiguous and that, therefore, the trial court did not have occasion to resort to rules of construction. The defendant argues that under the express provisions of the policy the basic term life insurance upon the life of the deceased expired on the June 1, 1975 anniversary of such policy at which time the deceased's age, as defined in the policy, was 22 years.

It is settled law that an insurance policy, like any other contract, must be considered as a whole, and effect will be given to each part where reasonably possible. *National Security Life & Cas. Co. v. Davis,* 152 Tex. 316, 257 S.W.2d 943 (1953). When there is uncertainty or ambiguity as to the meaning of any particular provision in the policy, the courts will construe the provisions liberally in favor of the insured and strictly against the insurer, especially so when dealing with words of exception or limitation. *Ramsay v. Maryland American*

*General Insurance Company,* 533 S.W.2d 344 (Tex.Sup.1976).

 However, it is equally well settled that there is no occasion for a court to construe a provision in an insurance policy where the wording thereof is clear and unambiguous, for the courts are bound to adhere to the language contained in an insurance contract as the authentic expression of the intent of the parties, and it must be enforced as written, where its wording is plain and certain. This means that the terms and provisions of an unambiguous insurance contract (policy) cannot be enlarged or diminished by judicial construction, since the courts cannot make a new contract for the insured and the insurer where they themselves have employed express and unambiguous language. *General American Indemnity Company v. Pepper,* 161 Tex. 263, 339 S.W.2d 660 (1960).

 The policy anniversary date in question was June 1, 1975. On that date, the deceased was alive, and his age was 21 years, 9 months and 9 days. On the day of his death, August 3, 1975, the deceased's age was 21 years, 11 months and 12 days.

The provisions of the policy here in question are clear and unambiguous. "Age", for all purposes of the policy, is defined as age according to the nearest birthday of the person in question. The policy does not define "age" as being the attained age of the person in question, and there is nothing in the policy, when considered as a whole, that will support a contention that the parties intended "age" to mean attained age.

With respect to the June 1, 1975 policy anniversary, the deceased's nearest birthday was August 22, 1975, when he would have reached the age of 22 years had he lived another 19 days. Under the definition of "age" as set out in the policy, the deceased's age was 22 years on June 1, 1975, and the term policy on his life terminated on that date.

The policy provisions in question in this case do not reasonably lend themselves to the effect contended by the plaintiff. There is no occasion to resort to judicial construction of such provisions. The contract of insurance must be enforced as made. The trial court correctly rendered summary judgment for the defendant.

We have carefully considered all of the plaintiff's points of error. They are all overruled.

The judgment of the trial court is AFFIRMED.