The **MUTUAL LIFE INSURANCE COMPANY OF NEW YORK**, Appellant,

v.

**J. R. STEELE, Appellee.**

No. 1781.

Court of Civil Appeals of Texas, Houston (14th Dist.).

Aug. 9, 1978.

Rehearing Denied Aug. 30, 1978.

Larry M. Lesh, Locke, Purnell, Boren, Laney & Neely, Dallas, for appellant.

Forrest G. Braselton, Nacogdoches, Edward T. McFarland, Lufkin, for appellee.

J. CURTISS BROWN, Chief Justice.

This is an appeal from a verdict and judgment for the appellee in his suit to recover benefits under a group health and life insurance policy.

John L. Steele (Steele) served as Executive Vice President of Canal Rental Tools, Inc. (Canal) from 1971 until his resignation, effective September 30, 1973. Following Steele's resignation from that position, he and Canal agreed that he would be paid according to the amount of work that he performed for Canal. Steele died on March 23, 1975 after a brief period of hospitalization. Steele's brother, J. R. Steele (appellee), timely demanded the benefits of Canal's group health and life insurance policy issued by the Mutual Life Insurance Company of New York (appellant). The appellant timely refused to pay the medical, hospital and death benefits and returned the premiums that Canal had paid to obtain coverage for Steele from September 30, 1973 through March 1975, asserting that Steele was not a covered employee under Canal's group policy at the time of his death. The appellee, acting in his individual capacity as beneficiary of the life insurance benefits and in his capacity as representative of Steele's estate, sued the appellant to obtain the benefits under the group policy. In its appeal from a verdict and judgment that Steele was a full-time employee covered by the group policy and entitled to benefits thereunder at the time of his death, the appellant has assigned twelve points of error.

Special issue 1, which was answered in the affirmative, inquired whether Steele was a full-time employee of Canal at the time of his death. The appellant contends, in its first point of error, that the trial erred in overruling its motion for directed verdict and for judgment non obstante veredicto because there was no evidence to support an affirmative finding to special issue 1. In point 2, the appellant argues, similarly, that the trial court erred in submitting that issue to the jury because there was no evidence to support an affirmative finding thereto.

■ In determining Steele's status as a full-time employee under the group insurance policy, we must look to the language of the policy itself. *Gallup v. St. Paul Insurance Company*, 515 S.W.2d 249 (Tex. Sup.1974). The relevant portions of the policy issued by the appellant read as follows:

### DEFINITIONS

*continuous service* An employee's period of uninterrupted full-time employment by the employer. . .   .

*employee insurance* Insurance provided under this Policy for an employee with respect to himself.

*class eligible for employee insurance* All employees of the *employer* who are employed on a full-time basis. . . . An employee shall be deemed to be employed on a full-time basis if, and only if, his normal work week for the *employer* is 30 or more hours. . . .

## DATE OF TERMINATION OF EMPLOYEE INSURANCE

An employee will cease to be insured for any *employee insurance* on the first of the following to occur:

(a) The date of termination of the *employee's service* in the class eligible for such *employee insurance*. . . .

We construe the above-quoted language to mean that all full-time Canal employees are covered by the group insurance policy. A person is a full-time employee, as that term is defined in the policy, if he works 30 or more hours per week for Canal. His status as a full-time employee of Canal does not terminate unless he stops working 30 or more hours per week for Canal.

■ In considering the appellant's argument that there was no evidence to support a finding that Steele was an employee of Canal at the time of his death, we must review the evidence in the light most favorable to the jury's finding, considering only the evidence and inferences which support the finding and rejecting the evidence and inferences contrary thereto. *Rourke v. Garza,* 530 S.W.2d 794 (Tex.Sup.1975). The following facts were either stipulated or testified to at trial: While Steele was serving as Executive Vice President of Canal, he was paid a salary from which Canal made the "usual payroll deductions." Although Steele's salary was terminated and Canal stopped making payroll deductions for him when he resigned from that position, Steele and Canal entered into an agreement under which Steele would be paid for work that he performed for Canal. After his resignation as Executive Vice President, Steele continued to devote "far

in excess of 30 hours per week" for the betterment of Canal until his death on March 23, 1975. At the time of his death, Steele was listed on Canal's records as an officer and employee of that company. Canal submitted Steele's name to the appellant as a full-time employee and paid premiums to obtain insurance coverage for him under the group insurance policy each month through March 1975.

■ Although conflicting evidence was presented at the trial, the evidence was clearly sufficient to support a finding that Steele was a full-time employee, as that term was defined in the group policy, from 1971 through September 30, 1973. There was also ample evidence that Steele continued to work more than 30 hours a week for Canal even after his resignation as Executive Vice President and, thus, that his status as a full-time employee of Canal did not terminate after that date. It follows that there was sufficient evidence to support the jury's finding that Steele was an employee of Canal at the time of his death on March 23, 1975. The trial court did not err, therefore, in submitting special issue 1 to the jury and refusing to grant the appellant's motion for directed verdict and motion for judgment non obstante veredicto.

■ In its eleventh point of error, the appellant complains of the trial court's refusal to submit to the jury the following requested definition of the term "employee":

You are further instructed that to constitute one an employee there must exist between the parties the relation of master and servant in the broad sense that the one has the right of ultimate control and direction over the other. The relation of master and servant exists where the master retains or exercises the power of control in directing, not merely the end sought to be accomplished but as well the means and details of its accomplishment; not only what shall be done, but how it shall be done.

This requested definition might have been appropriate had the group insurance policy

not defined the class eligible for employee insurance to include all those whose "normal work week for the *employer* is 30 or more hours." When the terms of an insurance policy are clear and unambiguous, those terms may not be disregarded, but must be enforced as written. *Bright v. New York Life Ins. Co.,* 546 S.W.2d 145 (Tex.Civ.App.-Corpus Christi 1977, writ ref'd n. r. e.). A trial court should not modify the terms of an unambiguous policy when instructing the jury, therefore, but should follow the terminology contained in that policy. *International Travelers Ass'n v. Marshall,* 131 Tex. 258, 114 S.W.2d 851 (1938); *Travelers Ins. Co. v. Cox,* 86 S.W.2d 844 (Tex.Civ.App.-Eastland 1935, no writ). We hold, accordingly, that the trial court did not err in refusing to give a requested definition of "employee" that was inconsistent with the definitions contained in the group insurance policy written by the appellant.

The appellant asserts, in points 3, 6 and 10, that the trial court erred in submitting special issues 1, 2, 5 and 6 because the evidence was factually insufficient to support their submission. These points are without merit. A court may not properly refuse to submit special issues merely because the evidence is factually insufficient to support affirmative findings thereto. *Garza v. Alviar,* 395 S.W.2d 821 (Tex.Sup. 1965).

The appellant contends, in its fourth point of error, that the trial court erred in denying its motion for directed verdict and motion for judgment non obstante veredicto because there was no evidence that an authorized representative of the appellant modified the group policy to provide coverage for Steele and because such coverage could not be created by waiver or estoppel. The verdict and judgment were not dependent upon findings that the group insurance policy was modified to provide coverage for Steele or that such coverage was created by waiver or estoppel, but rested upon the finding that Steele was a full-time employee of Canal at the time of his death. Our holding that there was sufficient evidence to support that finding obviates this point.

Special issues 2 through 6 inquired whether authorized representatives of the appellant represented to Canal that Steele would be covered by the group insurance policy and whether Canal relied upon that representation, whether the appellant accepted premium payments for a class of employees that would include Steele, whether the appellant designated Canal to determine which persons would be deemed insured under the policy, and whether Canal designated Steele a covered employee under the policy. In points 5, 7, 8 and 9, the appellant argues that the trial court erred in submitting special issues 2 through 6 to the jury because those issues were irrelevant and because the evidence adduced at trial was legally insufficient to support their submission. In point 12, the appellant complains that the submission of special issues 2 through 6 constituted reversible error because their submission confused and misled the jury.

Even if we were to sustain points 5, 7, 8 and 9, we could not reverse the judgment and order a new trial unless we think that the trial court's error amounted to such a denial of the rights of the appellant as was reasonably calculated to and probably did cause the rendition of an improper judgment. *Holmes v. J. C. Penney Company,* 382 S.W.2d 472 (Tex.Sup.1964); Tex.R.Civ.P. 434. The only question before the jury in this case was whether Steele was a full-time employee of Canal at the time of his death. We have already held that there was sufficient evidence to support the jury's finding that he was. We do not believe, and the appellant has not asserted, that the jury would have made a contrary finding had special issues 2 through 6 not been submitted. The error of the trial court in submitting special issues 2 through 6, if any, was harmless. *Holmes v. J. C. Penney Company, supra; Collins v. Smith,* 142 Tex. 36, 175 S.W.2d 407 (1943); *Houston Lumber Supply Company v. Wockenfuss,* 386 S.W.2d 330 (Tex.Civ.App.-Houston 1965, writ ref'd n. r. e.). Points 5, 7, 8, 9 and 12 are therefore overruled. We find

it unnecessary to consider the questions raised by those points concerning the relevancy of special issues 2 through 6 and the legal sufficiency of the evidence to support affirmative findings thereto, and we express no opinion thereon.

The appellant's points of error having been overruled, the judgment of the trial court is hereby affirmed.

Affirmed.