Argued June 7, reversed with directions September 5, 1963

# HEADLEY *v.* UNITED FIDELITY HOS-
# PITAL ASSURANCE CO.

384 P. 2d 1007

*Donald G. Krause,* Portland, argued the cause for appellant. With him on the brief were Krause, Lindsay & Nahstoll.

*Maxwell Donnelly,* Portland, argued the cause for respondent. With him on the brief was William P. Donnelly, Portland.

Before McALLISTER, Chief Justice, and ROSSMAN, O'CONNELL and DENECKE, Justices.

O'CONNELL, J.

This is an action brought by the executrix of the estate of Eva M. Headley, deceased, to recover under a hospital insurance policy issued by defendant. Judgment was entered on a verdict for plaintiff. Defendant appeals, contending that the trial court should have granted its motion for a directed verdict or its motion for a judgment n. o. v.

The defendant issued a policy of insurance to Mrs. Headley on December 15, 1960. The policy provided benefits for hospital and other specified services made necessary because of sickness or accidental bodily injuries.

Mrs. Headley was hospitalized on December 20, 1960 as a result of contracting pneumonia. She was discharged on January 1, 1961 but was hospitalized again on April 4, 1961 for bronchitis and tracheobronchitis. The bronchial condition worsened making it difficult for Mrs. Headley to breathe. Finally, it became necessary to perform a tracheotomy in order

to reduce the difficulty in breathing. The operation was performed on April 18, 1961. She died the following day.

A claim was presented to defendant by Mrs. Headley's executrix for hospitalization and surgical expense. The claim for surgical expense is not in question on this appeal.[1] The claim for hospitalization expense resulting from Mrs. Headley's sickness was denied by defendant on the ground that it was excluded from coverage under the following provision of the policy:

"Any sickness resulting in a surgical operation shall be covered only after this certificate has been maintained in continuous force for six months."

The foregoing provision was a part of a section of the policy entitled "CONDITIONS AND REDUCTIONS." Preceding that section the policy contained a provision entitled "SPECIAL COVERAGE FOR PRE-EXISTING CONDITIONS" and which read as follows:

"Any pre-existing condition, except congenital, which existed before the five-year period immediately preceding the effective date of this certificate and which has not been treated by medicine, therapy, surgery or any practitioner during said five-year period, shall be covered immediately after the effective date of this certificate, subject to the terms and conditions contained herein, unless such

---

[1] The lower court withdrew from the jury the issue as to plaintiff's right to recover surgical expenses because the policy excluded coverage under the circumstances. The policy provided as follows:

"If, as a result of such sickness after this certificate has been in continuous force for six consecutive months, the Subscriber * * * shall have a surgical operation performed * * * United Fidelity will pay the fee charged for such service * * *."

The surgical operation was performed on Mrs. Headley within the six month period after the policy was issued.

pre-existing condition shall be specifically excluded from coverage by endorsement hereon."

The trial court held that there was sufficient evidence from which the jury could conclude that Mrs. Headley's hospitalization was the result of a pre-existing non-congenital condition which existed before the five-year period immediately preceding the effective date of the policy and, further, that the condition had not been treated "by medicine, therapy, surgery or any practitioner" during that period. The trial court concluded that the proviso making the special coverage clause "subject to the terms and conditions contained herein" did not incorporate by reference the aforementioned clause that "[a]ny sickness resulting in a surgical operation shall be covered only after this certificate has been maintained in continuous force for six months." The jury was instructed to this effect and returned a verdict for plaintiff.

■ Defendant contends that the special coverage clause incorporates by reference the clause excluding coverage for sickness resulting in a surgical operation during a six month period. We agree. The provision relating to sickness resulting in a surgical operation is without question, a "condition" of the policy. Therefore, it must be read into the clause relating to coverage for pre-existing conditions.

■■ Plaintiff argues that the two clauses are incompatible and that if the condition relating to sickness resulting in surgery is read as a condition of the clause providing for immediate coverage, the latter clause is deprived of all meaning because it leaves the "special coverage" in exactly the same status as coverage provided for in other parts of the policy where the word immediate is not used. This is not true. A pre-

existing condition untreated for the five-year period would provide immediate coverage for all types of physical conditions except sickness resulting in surgery during the six month period after the effective date of the policy (and certain named sicknesses expressly excluded from coverage until the six month period had expired). Why the company selected for exclusion from immediate coverage sickness resulting in surgery we do not know. However, an insurer is privileged to do so and we cannot rewrite the insurance contract.[2]

■ It is further argued that even if the two clauses are read together the tracheotomy was merely an incidental operation resorted to for the purpose of reducing Mrs. Headley's difficulty in breathing, and that it was not the direct result of her bronchitis within the meaning of the policy. It may be conceded that the "sickness" clause would not exclude coverage simply because a surgical operation followed causally from an illness. If an insured were hospitalized for pneumonia and developed bed sores which required surgical treatment, surgery would "result" from sickness. Yet the sickness would only be an indirect cause of the surgery, and it would be proper to regard the "sickness" clause as inapplicable. But that is not the present case. Here tracheotomy was a direct result of the bronchitis. Recovery has been denied under similar circumstances.[3]

It has been suggested that the clause "[a]ny sickness resulting in a surgical operation" could be con-

[2] Inman v. Life Insurance Co. of Virginia, 223 S C 98, 74 SE2d 423 (1953).

[3] American Life Insurance Co. v. Barnett, 51 So2d 227 (Miss 1951); American Standard Life Insurance Co. v. Redford, 337 SW2d 230 (Tex Civ App 1960); United American Insurance Co. v. Pittillo, 308 SW2d 241 (Tex Civ App 1957).

strued to mean any sickness for which surgery is customarily employed as a method of treatment designed to effect a cure. This would, of course, make the clause inapplicable in the present case because the tracheotomy was not performed as a means of effecting a cure but in an attempt to prevent death by suffocation. However, we are unable to discern anything in the policy or in the purpose of the clause which would entitle us to assume that the clause was intended to have such limited application.

■ It is argued that because Mrs. Headley had bleeding ulcers and several other physical conditions needing treatment, it cannot be said that all of her sickness resulted in surgery. But she was hospitalized because of her bronchial condition and that is the "sickness" which must be considered in determining whether the insured is entitled to hospitalization benefits under the policy.

The judgment is reversed and the case is remanded with directions to enter judgment for defendant.