KENDALL, dba Mel's Equipment Repair,
*Plaintiff,*

*v.*

SELLES,
*Defendant.*
SELLES,
*Appellant,*

*v.*

KETCHAM,
*Respondent,*
KLAMATH BASIN ROCK PRODUCTS,
*Respondent,*
FERRANTE CONSTRUCTION CO. et al,
*Garnishee and Interested Party.*

(79-195 L; CA A34682)

707 P2d 626

Glenn D. Ramirez, Klamath Falls, argued the cause and filed the briefs for appellant.

David V. Gilstrap, Ashland, argued the cause for

respondents. With him on the brief was Davis, Ainsworth, Pinnock, Davis & Gilstrap, P.C., Ashland.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

PER CURIAM

## PER CURIAM

In this post-judgment garnishment proceeding, the garnishor, Selles, appeals from an order[1] in favor of the judgment debtor, Ketchum, and intervenor, Klamath Basin Rock Products. We affirm.

In 1981, Selles obtained a judgment against Ketchum. The judgment remained partially unsatisfied, and on July 20, 1982, Selles served a writ of garnishment on Ferrante Construction Co., which owed money to Klamath Basin. It would serve no purpose to relate in detail what followed; it suffices to say that eventually the money was paid into court pending a determination of whether Klamath Basin was the sole proprietorship of Ketchum, in which case the garnishment would be effective, or a partnership, consisting of Ketchum and his father, in which case the garnishment would be ineffective. ORS 68.420(2)(c).[2]

■ ■ The court concluded that Klamath Basin was a partnership on July 20, 1982, when the garnishment issued, and there is substantial evidence to support that conclusion. Under the garnishment statutes, ORS 29.125 *et seq,* we do not review *de novo.*

Affirmed.

---

[1] Although the parties do not address the issue of appellate jurisdiction, we conclude that our jurisdiction is based on ORS 19.010(2)(c), which provides for the appeal of a "final order affecting a substantial right, and made in a proceeding after judgment or decree."

[2] ORS 68.420(2)(c) provides, in part:

"A partner's right in specific partnership property is not subject to attachment or execution, except on a claim against the partnership. * * *"