Argued and submitted September 20, reversed and remanded for further proceedings
November 21, 1990

Weslie GOLD,
*Respondent,*

*v.*

CASSERLY LANDSCAPE, INC.,
John P. Casserly; Susan L. Casserly;
and Ronald L. Vandercook,
*Respondents,*

*and*

SAFECO INSURANCE COMPANY
OF AMERICA,
*Appellant.*

(A8709-05777; CA A61055)

801 P2d 844

Ridgway K. Foley, Jr., P.C., Portland, argued the cause for appellant. With him on the briefs were Bernard M. Ryan, James P. Martin and Schwabe, Williamson & Wyatt, Portland.

Kathryn H. Clarke, Portland, argued the cause for respondent Weslie Gold.

No appearance for respondents Casserly Landscape, Inc., John P. Casserly, Susan L. Casserly and Ronald L. Vandercook.

Before Buttler, Presiding Judge, and Joseph, Chief Judge, and De Muniz, Judge.

JOSEPH, C. J.

## JOSEPH, C. J.

Safeco appeals from a judgment in this garnishment proceeding that held that its insured, defendant Casserly Landscape, Inc. (CLI), is covered under a "non-owned vehicle" endorsement in a general liability policy. We conclude that the trial court failed to make all the findings that are necessary in order to determine whether the endorsement applies. We reverse and remand.

Plaintiff's decedent was killed in an accident involving a pickup truck driven by defendant Vandercook in the course of Vandercook's employment with CLI. Plaintiff filed an action for personal injuries and wrongful death against CLI, Vandercook and the Casserlys, who are the officers and stockholders of CLI. Through State Farm Insurance Company, CLI's motor vehicle insurance carrier, CLI confessed judgment for $450,000. The court entered a judgment for plaintiff against CLI and dismissed the Casserlys and Vandercook from the case. State Farm paid its policy limit of $100,000 in partial satisfaction of the judgment. CLI assigned to plaintiff any rights that it might have against Safeco under its general liability policy.

Plaintiff then issued a writ of garnishment to Safeco, seeking to recover the balance of the judgment. Safeco certified, pursuant to ORS 29.235, that it owed nothing to CLI under its general liability policy. The garnishment proceeding was tried on the stipulated facts outlined in the next two paragraphs.

The certificate of title, registration and license for the truck were in the name of John Casserly, individually. From April, 1987, to the time of the accident on August 1, 1987, Vandercook used the truck regularly to perform his job as an employee of CLI. Because he had no other transportation, Casserly permitted him to drive the truck to and from work. Vandercook also transported equipment and supplies and other employees of CLI. Whenever Casserly needed the truck for his personal use, Vandercook would return it to him. When the truck was not "in service," it was stored in Casserly's barn. During the period, Casserly loaned it to his son on one occasion and to a friend on another. Vandercook was in the course of his employment at the time of the accident.

Before the incorporation of CLI in 1987, John Casserly had operated the business as a sole proprietorship and had used the truck for the business. The business had paid for its gas, repairs and general maintenance. After the incorporation, Casserly decided for tax reasons to keep the title in his name, but he continued to use it for the business, which continued to pay for gas, repairs and maintenance. Vandercook had possession of Casserly's personal gas credit card and occasionally used it to purchase gas for the truck. CLI regularly paid the credit card account and also paid for insurance on the truck. CLI paid Casserly $300 a month for the use of the barn for storing the truck and other equipment.

CLI was the only named insured in the general liability policy, which contained an endorsement that provided, in part:

"The insurance provided * * * applies to 'bodily injury' or 'property damage' arising out of the use of any 'non-owned auto' in your business by any person other than you."

The endorsement defined "non-owned auto" to mean

"any 'auto' you do not own, lease, hire or borrow which are [*sic*] used in connection with your business."

If the truck was a "non-owned auto" within the meaning of the policy, the endorsement provided coverage. The truck was not non-owned if it was owned, leased, hired or borrowed by CLI.

Safeco contends that, as a matter of law, the truck was either owned or borrowed by CLI. The trial court found that the truck was owned by Casserly, individually, not by CLI. There is evidence to support that finding, and we cannot disturb it. *Saga Enterprises, Inc. v. Coldwell, Banker and Co.,* 287 Or 169, 180, 598 P2d 285 (1979).

The court held that the policy definition of "non-owned auto" excludes so many situations that the endorsement is meaningless. It also held, therefore, that it could not apply the exceptions stated in the definition and that, because the vehicle was owned by Casserly, it was a non-owned vehicle with respect to CLI, and so the policy provided coverage. It did not determine whether the truck was, in fact, borrowed by CLI at the time of the accident.

■ In the absence of a policy definition of the term "borrowed," we turn to the commonly understood meaning of that term. *Totten v. New York Life Ins. Co.,* 298 Or 756, 771, 696 P2d 1082 (1985). According to *Webster's Third New International Dictionary* 256 (1971), "to borrow" is "to receive temporarily from another, implying or expressing the intention either of returning the thing received or of giving its equivalent to the lender." The substance of that definition would apply in deciding whether CLI had borrowed the truck.

■■ We disagree with the trial court's conclusion that an application of the policy's definition of "non-owned auto" would render the endorsement meaningless. It is possible, contrary to the court's apparent assumption, for a non-owned vehicle to be used for corporate business without being borrowed by the corporation. The evidence is not such that we can say, as a matter of law, that CLI either borrowed or did not borrow the truck. That is a question of fact about the intent of the parties that must be decided by the trial court in the first instance.

Reversed and remanded for further proceedings not inconsistent with this opinion.