On respondent Weslie Gold's motion for reconsideration, reconsideration allowed; opinion (104 Or App 313, 801 P2d 844) modified and adhered to as modified June 5, reconsideration denied October 2, petition for review denied October 29, 1991 (312 Or 234)

Weslie GOLD,
Personal Representative of
the Estate of William Eric Anderson, Deceased,
*Respondent,*

*v.*

CASSERLY LANDSCAPE, INC.,
John P. Casserly, Susan L. Casserly
and Ronald L. Vandercook,
*Respondents,*

*and*

SAFECO INSURANCE COMPANY
OF AMERICA,
*Appellant.*

(A8709-05777; CA A61055)

812 P2d 33

Kathryn C. Clarke, Portland, for motion.

No appearance *contra*.

Before Buttler, Presiding Judge, and Joseph, Chief Judge, and De Muniz, Judge.

JOSEPH, C. J.

**JOSEPH, C. J.**

In this garnishment proceeding, the trial court held that defendant Casserly Landscape, Inc. (CLI), is insured under a "non-owned vehicle" endorsement to a general liability policy issued by Safeco. Plaintiff seeks reconsideration of our decision reversing the trial court. 104 Or App 313, 801 P2d 844 (1990). The endorsement provided insurance for bodily injury or property damage arising out of CLI's use of any "non-owned" vehicle, that is, if it was not owned, leased, hired or borrowed by CLI. The only possible basis for excluding coverage under the facts is that the vehicle was owned or borrowed by CLI.

The trial court found that the vehicle was not owned by CLI, and we held that that finding is supported by substantial evidence. We also held, however, that the trial court erred in concluding that the endorsement provided coverage without making a specific finding about whether the vehicle was borrowed by CLI.

Plaintiff contends that, in reaching our decision, we relied on an uncorrected transcript and that the corrected transcript, which should have been but was not a part of the record on appeal, shows that the trial court did in fact make a finding that the vehicle was not borrowed. We quote the pertinent portion of the transcript, with the erroneous portions emphasized and the corrections in brackets:

"The most difficult problem has to do with the question of whether the corporation borrowed the vehicle from Mr. Casserly. And one of the things I can't help but note is that the — if the exclusions from the category of non-owned vehicle set forth in Paragraph 4 are to be taken literally where the policy becomes, or the endorsement rather becomes meaningless, *on the whole* [I hold] according with the literal language that it is a non-owned vehicle within the meaning of the policy and that the exclusions from the definition of non-owned and borrowed vehicle does not apply in this case because of the frequency of the use by the corporate *issued* [insured] in this business."

We agree that the corrected transcript shows that the trial court found and held more than it appeared to us to have done in the uncorrected version. According to plaintiff, it shows

that the court reasoned that the vehicle was used too frequently by CLI to be considered borrowed. If that was the court's reasoning, it was mistaken.

As we said in our first opinion, quoting *Webster's Third New International Dictionary* 256 (1971), "to borrow" is to receive temporarily, "implying or expressing the intention either of returning the thing received or of giving its equivalent to the lender." 104 Or App at 317. Frequency of use is *not* determinative — or even pertinent. Plaintiff is correct in pointing out that the trial court would have found that the vehicle was borrowed but for the fact that it was used too frequently, but plaintiff has shown too much. Once the frequency of use concept is recognized as having nothing to do with the definition of "borrowed," it would follow from the trial court's theory that the vehicle *was* borrowed and, therefore, that coverage of the accident was excluded by the endorsement. Still, that determination is for the trial court to make in the first instance, and we adhere to our decision to remand the case for reconsideration of that determination under a correct view of the law.

Reconsideration allowed; opinion modified and adhered to as modified.