Argued and submitted March 1, affirmed June 9, 1993

Weslie GOLD,
Personal Representative of
the Estate of William Eric Anderson, Deceased,
*Plaintiff-Respondent,*

*v.*

CASSERLY LANDSCAPE, INC.,
an Oregon corporation,
John P. Casserly, Susan L. Casserly
and Ronald P. Vandercook,
*Defendants-Respondents,*

*and*

SAFECO INSURANCE COMPANY
OF AMERICA,
a Washington corporation,
*Garnishee-Appellant.*

(A8709-05777; CA A74868)

853 P2d 1341

Ridgway K. Foley, Jr., Portland, argued the cause for appellant. With him on the briefs were M. Elizabeth Duncan, Schwabe, Williamson & Wyatt and Foley & Duncan, P.C., Portland.

Kathryn H. Clarke, Portland, argued the cause for respondent Weslie Gold. With her on the brief were Linda J. Rudnick, Portland, and Kent C. Whitaker, Lake Oswego.

No appearance by respondents Casserly Landscape, Inc., John P. Casserly, Susan L. Casserly, and Ronald P. Vandercook.

Before Warren, Presiding Judge, and Edmonds and Landau, Judges.

EDMONDS, J.

**EDMONDS, J.**

Safeco Insurance Company of America (Safeco) appeals from a judgment in this garnishment proceeding that held that its insured, defendant Casserly Landscape, Inc. (CLI), is covered under a "non-owned vehicle" endorsement to its general liability policy. Safeco assigns error to the trial court's ruling that CLI had not borrowed the pickup truck in question at the time of the accident. We affirm.

This is the second appeal in this case. The facts are adequately stated in our prior opinions. *Gold v. Casserly Landscape, Inc.*, 104 Or App 313, 801 P2d 844 (1990), *mod* 107 Or App 441, 812 P2d 33, *rev den* 312 Or 234 (1991). The issue was whether, within the meaning of a liability insurance policy, the vehicle was "borrowed" by CLI, the insured, and, therefore, did not come within the "non-owned vehicle" endorsement to the policy. In those opinions, we defined "borrowing," as used in the policy endorsement, to mean "to receive temporarily from another, implying or expressing the intention either of returning the thing received or of giving its equivalent to the lender." 104 Or App at 307. We held under that definition that it was possible for a non-owned vehicle to be used for corporate business without being borrowed by the corporation, and that frequency of use was not pertinent to the issue of borrowing. As a result, we remanded for a determination of whether CLI had "borrowed" the truck at the time of the accident. On remand, the trial court held that CLI had not borrowed the truck, that the endorsement exclusions did not apply, and that plaintiff was entitled to relief against Safeco.

Safeco argues that, because Vandercook was acting within the course and scope of his employment with CLI at the time of the accident, CLI necessarily "borrowed" the truck. Safeco also emphasizes Vandercook's testimony that he "was assigned the use of the truck to accomplish his duties." Under its construction, "borrowing" occurred because CLI received a benefit from Vandercook's use of the truck.

■ We do not construe the definition that broadly. The language of the insurance policy is to be given a plain and ordinary meaning. *Lane Electric Coop. v. Federated Rural*

*Electric*, 114 Or App 156, 160, 834 P2d 502, *rev den* 314 Or 727 (1992). The ordinary meaning of "borrow" includes not only that one receives the benefit of the object's use but also that the borrower receives temporary possession, dominion over or control of the object's use. Some element of substantial control is generally understood to be included within the meaning of the act of borrowing. *See Trinity Universal Ins. Co. v. Cincinnati Ins. Co.*, 513 F2d 915, 920 (6th Cir 1975); *Schroeder v. Board of Sup'rs*, 591 So 2d 342, 346 (La 1991). Because the trial court found that CLI had not borrowed the truck, we review to determine whether the trial court's finding that CLI lacked control over the vehicle is supported by any competent evidence. *Kendall v. Selles*, 75 Or App 689, 707 P2d 626, *rev den* 300 Or 451 (1985); ORS 29.343.[1]

■      The testimony emphasized by Safeco does not address whether Casserly[2] or CLI assigned Vandercook the use of the truck. The fact that Casserly restricted Vandercook's use of the truck to commuting and CLI business, and that Vandercook's use of the truck benefitted CLI, are not determinative of the question of who controlled the truck.

Our prior opinions held that the truck was owned personally by Casserly. In addition, there is evidence[3] that Casserly loaned the truck to Vandercook for his use in commuting and in his employment with CLI. When asked who had possession and control of the truck, Casserly testified that "I owned it; [Vandercook] drove it, * * * I gave [Vandercook] the truck 'cause he didn't have any way to get back and forth to work, and he used it." Also, there is evidence that, when Casserly needed the truck, he would ask Vandercook to return it. Moreover, it was Vandercook's decision to use the truck to retrieve the needed part. There was evidence from which the trier of fact could find that Casserly loaned the

---

[1] ORS 29.343 provides:

"Witnesses, including the defendant and garnishee or officer thereof, may be required to appear and testify, and the issues shall be tried, upon proceedings against a garnishee, as upon the trial of an issue of law between a plaintiff and defendant."

[2] By our reference to Casserly, we mean defendant John Casserly.

[3] The trial court concluded that the truck had not been borrowed by CLI but did not make specific findings to support that determination. We presume that the facts were decided in a manner consistent with the court's ultimate conclusion. *Ball v. Gladden*, 250 Or 485, 443 P2d 621 (1968).

truck to Vandercook personally, even though Casserly knew and intended that Vandercook use the truck while working for CLI.

Safeco further argues that the "non-owned auto" provision of the endorsement to CLI's policy extends coverage only for the "unexpected and unauthorized use of a vehicle." There is nothing in the language of the endorsement or in our definition of the term "borrow" that implies such a limitation, and we cannot rewrite the policy to include it. *Headley v. United Fid. Hosp. Assur.*, 235 Or 302, 306, 384 P2d 1007 (1963).

Affirmed.