**Manning C. CLEMENTS et ux., Appellants,**

v.

**STEWART TITLE GUARANTY COMPANY, Appellee.**

No. 12336.

Court of Civil Appeals of Texas, Austin.

May 5, 1976.

Rehearing Denied May 19, 1976.

Hawthorne Phillips, Phillips & Norris, Austin, for Manning C. Clements, et ux.

Stewart J. Alexander, San Antonio, for J. A. Caballero, et ux.

Eugene J. Pitman, DeLange, Hudspeth, Pitman & Katz, Houston, for appellee.

SHANNON, Justice.

Appellants, Manning C. Clements and wife, Winn A. Clements, filed suit in the district court of Hays County against J. A. Caballero and wife, Rose B. Caballero, and appellee, Stewart Title Guaranty Company, alleging the loss of an interest in land. As against appellee, appellants sought to recover under the terms of an Owner's Policy of Title Insurance issued by appellee to appellants. After trial to a jury, judgment was entered in favor of appellants against the Caballeros for $2,000.00. The judgment also provided that appellants take nothing from appellee title company. The Caballeros failed to perfect their appeal by filing an appeal bond. Previously, we granted appellee's motion to dismiss the attempted appeal of the Caballeros.

In July of 1971, appellants purchased two adjacent parcels of land near Wimberley in Hays County. One tract contained 1.395 acres and the other tract 34.43 acres. Appellants bought the smaller parcel from J. A. and Rose B. Caballero, and the larger parcel from the A. C. Fridge estate. Appellee issued an owner's title policy to appellants covering both tracts of land.

Both parcels of land were separated from the public road by the Pierce Ranch. There was one existing improved roadway which provided access from the public road to appellants' property. That roadway crossed the Pierce Ranch.

Caballero, in inducing appellants to purchase the property, represented to appellants that a good and valid easement existed across the Pierce Ranch making possible the continued use of the roadway.

After appellants purchased the property, the foreman of the Pierce Ranch told appellants that he planned to fence off the roadway. He also informed appellants that they had no easement across the Pierce Ranch although their deed from the Caballeros purported to convey such an easement. The fence was built shortly thereafter and appellants were denied the use of the roadway.

The Caballeros' deed from A. C. Fridge conveying the 1.395 acres contained what purported to be an easement across the Pierce Ranch. With respect to that transaction, appellee had also issued an owner's title policy to the Caballeros.

The Court submitted seven special issues to the jury. The jury answered that the Caballeros represented to appellants that they owned an easement through the Pierce Ranch, and that, in fact, they did not own such an easement. The jury responded further that appellants would not have purchased the property without an easement across the Pierce Ranch. The jury answered further that the market value of the 1.395 acres with the easement was $49,500.00 and the market value of the same tract without the easement was $47,500. In response to the special issues six and seven the jury answered that the market value of appellants' entire property with the easement was $79,500.00 and the market value of the same property without the easement was $71,300.

Upon appellee's motion, the district court disregarded the answers of the jury to special issues six and seven. As previously written, the judgment provided that appellants recover $2,000 from the Caballeros and nothing from appellee.

By their first point of error, appellants complain that the district court erred in holding that the title insurance policy did not insure against any loss suffered by reason of the failure of title to the easement conveyed to them by the Caballeros. We will sustain that point of error.

Appellee's title policy provided in part that appellee guaranteed the insured that the insured had ". . . good and inde-

feasible title to the estate or interest in the land described or referred to in this policy."

In Schedule A of the policy the estate or interest in the land insured by the policy was stated to be "FEE SIMPLE." In the second paragraph of Schedule A the land referred to in the policy was described as follows:

FIRST TRACT: 1.395 acres of land, more or less, out of the JOSEPH D. RICE SURVEY NO. 10, in Hays County, Texas, and being the same property conveyed by deed dated July 1, 1971, from J. A. Caballero and wife, Rose B. Caballero, to Manning C. Clements and wife, Winn M. Clements, said deed having been filed for record in the office of the County Clerk of Hays County, Texas, on July 23, 1971, under Clerk's file No. 72736."

In Schedule B, the policy specifies five exceptions from coverage. Schedule B excepts from coverage a "walkway" easement along the bank of the Blanco River. Schedule B, however, does not mention the purported easement which is the subject of this appeal.

On page three of the deed from the Caballeros to appellants there appears the following description of the purported easement. That description provides as follows:

"ROADWAY EASEMENT NO. TWO: That roadway, as the same now exists on the ground, beginning in the most Northern line of the above described property hereby conveyed and continuing in a Northwesterly, Northerly and Northeasterly direction to where the said roadway crosses the most Easterly line of that property this date being conveyed by F. Fox Benton, Independent Executor of the Last Will and Testament and Codicil of Alde Campbell Fridge, Deceased, to the said Manning C. Clements and Winn M. Clements; Thence continuing along the said roadway as the same now exists on the ground, over and across that tract of land heretofore described in and conveyed by a deed dated September 1, 1968, now of record in Vol. 226, Pages 11–15, Hays County Deed Records, wherein J. L. Duffy was grantor and Lewis L. Pierce,

et ux., were grantees, in a Northerly or Northeasterly direction to its intersection with that Public Road known as the Old Bendigo Road  .  .  ."

Appellee's position is that the easement was not described as a part of the property or estate insured and that it assumed no contractual responsibility concerning the title to the easement.

■ We will reverse the judgment for the following reason. A policy of insurance providing for coverage against losses of title in general, except for certain designated risks, includes loss from every cause not expressly excepted. See San Jacinto Title Guaranty Company v. Lemmon, 417 S.W.2d 429 (Tex.Civ.App.1967, writ ref'd n. r. e.).

■ Appellee guaranteed generally to appellants that appellants had good title to the interest in the land described or referred to in the title policy. The land referred to in the title policy was 1.395 acres of land being the same property conveyed by deed dated July 1, 1971, from J. A. Caballero and wife, Rose B. Caballero, to Manning C. Clements and wife, Winn M. Clements. In that deed the purported easement was set out. Although in Schedule B appellee excluded from coverage the "walkway" easement along the bank of the Blanco River, Schedule B did not specifically exclude the purported easement in issue from coverage.

■ Appellee urges that the district court correctly entered judgment in its favor because appellants failed to obtain a jury finding as to the proper measure of damages. In this connection appellee points out that the easement in special issues six and seven was not denominated "Easement No. Two." In addition, appellee says that special issues six and seven did not purport to place any limitation on the purposes for which such easement was to exist or did not limit the route the same might take across the Pierce Ranch. The time for appellee to complain as to the form of the damage issues was in the trial court. Appellee did not level any objections to the damage issues. Any complaint which ap-

pellee might have had with respect to the damage issues was thereby waived. Tex.R. Civ.P. 272.

■ Appellants are entitled to recover the value of the outstanding interest, "Easement No. Two," in connection with their entire property. The jury determined that value to be $8,200. Appellants are not entitled to a total recovery from both parties of more than $8,200.

As previously written, the district court entered judgment in favor of the appellants against the Caballeros for $2,000.00. That judgment is now final.

The judgment that appellants take nothing from appellee is reversed. Judgment is here rendered for appellants against appellee insurance company for $8,200. Judgment is also here rendered that appellants may not realize more than a combined total of $8,200.00 from both the appellee insurance company and the Caballeros.

Reversed and Rendered.