In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-00-00777-CV

____________


MICHAEL JAY KUPER, Appellant


V.


STEWART TITLE GUARANTY COMPANY, Appellee






On Appeal from the 278th Judicial District Court

Grimes County, Texas

Trial Court Cause No. 28333A






OPINION ON REHEARING

 The Court today heard Stewart Title Guaranty Company's motion for
rehearing, and the same has been duly considered and found to be without merit. It
is therefore ordered that the motion for rehearing is denied. However, this Court's
former judgment of May 16, 2002, is vacated, set aside, and annulled. We withdraw
our previous opinion of May 16, 2002, and substitute this opinion in its stead. 

 This appeal arises from a title insurance dispute. The title policy holder
appeals the trial court's grant of a no-evidence motion for summary judgment in favor
of Stewart Title Guaranty Company. We reverse and remand.

Background


 Appellant, Michael Kuper, had an interest in an 80-acre tract (Tract 1) of land
in Grimes County. Kuper could access the property from a dirt road that began at
F.M. #2819 and extended south. This road was on the eastern boundary of property
owned by Marshall Ashorn. 

 Before purchasing Tract 1, Kuper discussed access to Tract 1 with Horner
Shelton. Their discussions led to a March 30, 1973 letter from Artie Fultz Davis of
Navasota Abstract Company (NAC) to Shelton acknowledging that Kuper wanted to
be "assured that the roadway leading from F.M. road #2819 to the N.E. corner of the
subject property is a public County road." Davis again wrote to Kuper on June 5,
1973, stating that "I am satisfied that the roadway leading from F.M. 2819 to the N.E.
corner of the subject property is a public county road." In a letter also dated June 5,
1973, Davis wrote to Shelton, stating that "from my investigation I am satisfied that
the road leading from FM #2819 to the Northeast Corner of the subject property is a
County Road. I trust that this will enable you to close this transaction." Shelton
forwarded this letter to Kuper. 

 Kuper purchased Tract 1 on June 15, 1973. The deed to Tract 1 contained the
following provision: "[A] simultaneous release of a perpetual easement connecting
released parcels with the county road connecting the property with Farm Road 2819."
The title policy to Tract 1 did not contain an exception to ingress and egress. Less
than a year later, Kuper purchased a 20-acre tract (Tract 2) that was contiguous to,
and south, of Tract 1. The title policy covering Tract 2 contained an exception to
ingress and egress. Both title policies were underwritten by Stewart Title Guaranty
Company (STGC). On November 20, 1973, Shelton wrote to Kuper that, if and when
Tract 1 and Tract 2 were sold simultaneously to the same purchaser, only one owner's
policy would be issued on the entire tract, and the access exception would be deleted. 
 In the fall of 1998, Kuper learned that Ashorn had limited Marathon Oil
Company's access to Kuper's land. On November 5, 1998, Kuper demanded that
STGC defend his rights of access. On November 17, 1998, STGC denied any
responsibility to defend. 

 On July 29, 1999, Kuper sued STGC, NAC, and Ashorn for breach of contract,
breach of the Deceptive Trade Practices Act (DTPA), and violations of the Insurance
Code, all stemming from STGC's alleged misrepresentation that the access road was
a county road. Kuper also alleged that STGC was liable on principles of agency. 
Both Kuper and STGC filed motions for summary judgment. The trial court granted
STGC's no-evidence motion for summary judgment and denied Kuper's motion. 
STGC's take-nothing judgment became final when the trial court granted its motion
to sever.

 Kuper brings eight issues on appeal. In issues one, three, and seven, he argues
that STGC's no-evidence summary judgment motion does not comply with Texas
Rule of Civil Procedure 166a(i). In his second, fourth, fifth, sixth and eighth issues,
he argues that the trial court erred in ruling that: (1) the controversy had become
moot; (2) there was no evidence of a violation of article 21.21 of the Insurance Code;
(3) there was no evidence of a violation of the DTPA; (4) there was no evidence of
a breach of contract; and (5) there was no evidence of agency. 

Standard of Review


 In our review of STGC's summary judgment based on Tex. R. Civ. P. 166a(i),

we must ascertain whether the non-movant produced any evidence of probative force
to raise a fact issue on the material questions presented. Jackson v. Fiesta Mart, Inc.,
979 S.W.2d 68, 70 (Tex. App.--Austin 1998, no pet.). We consider all the evidence
in the light most favorable to the party against whom the no-evidence summary
judgment was rendered, disregarding all contrary evidence and inferences. Merrell
Dow Pharm. v. Havner, 953 S.W.2d 706, 711 (Tex. 1997). A no-evidence summary
judgment is improperly granted if the non-movant presents more than a scintilla of
probative evidence to raise a genuine issue of material fact. Jackson, 979 S.W.2d at
70-71. More than a scintilla of evidence exists when the evidence "rises to a level
that would enable reasonable and fair-minded people to differ in their conclusions." 
Havner, 953 S.W.2d at 711. Rule 166a(i) Procedural Requirements


 In his first, third, and seventh issues, Kuper argues that STGC's no-evidence
motion for summary judgment was improper because it failed to recite the particular
elements for which there was no evidence. Kuper maintains that STGC's motion only
alleged a global statement that there was no evidence to support his claims. 

 Rule 166a(i) requires the movant to specifically state the elements for which
there is no evidence. See Tex. R. Civ. P. 166a(i). STGC's motion stated that: (1)
there was no basis to conclude that there was a breach of contract; (2) there was no
evidence of a misrepresentation under article 21.21 of the Insurance Code; (3) there
was no evidence that Kuper was a consumer or that STGC made a misrepresentation
under the DTPA; and (4) there was no evidence that STGC gave authority to NAC
to act in any other capacity other than issuer of a title policy. 

 After reviewing STGC's motion for summary judgment, we conclude that
STGC's summary judgment allegations meet the requirements of rule 166a(i).

 We overrule Kuper's first, third, and seventh issues. 

Mootness


 In his second issue, Kuper argues that the trial court erred in ruling that his
claims are moot.

 Under article V, section 8 of the Texas Constitution, the "judicial power does
not embrace the giving of advisory opinions." Tex. Const. art. V, § 8; General Land
Office v. OXY U.S.A., Inc., 789 S.W.2d 569, 570 (Tex. 1990). Under the mootness
doctrine, if no case or controversy continues to exist, the appeal is moot, and this
Court must dismiss the cause. Id.

 In its motion for summary judgment, STGC argued that all of Kuper's claims
were moot because, on or around September 1999, the road leading to Tract 1 was
dedicated as a third-class county road. Further, STGC asserted that Kuper has never
been denied access to his property. 

 Kuper contended that he would not have purchased the property had he known
that the road was not a county road and that any damages would have accrued before
the road was dedicated as a third-class county road in 1999. See Shaver v. Nat'l Title
& Abstract Co., 361 S.W.2d 867, 868-69 (Tex. 1962) (finding that the case was not
moot because the damages to which plaintiff seeks were suffered prior to trial),
overruled on other grounds, S. Title Guar. Co., v. Prendegast, 494 S.W.2d 154, 158
(Tex. 1973). Kuper has raised more than a scintilla of evidence that the claims are
not moot. 

 We sustain Kuper's second issue.

Insurance Code 


 In his fourth issue, Kuper argues that STGC made misrepresentations under
article 21.21, section 4(11) of the Insurance Code. Specifically, Kuper alleges that
STGC misrepresented that a county road provided access to Tract 1. 

 Article 21.21, Section 4(11) provides:

 (11) Misrepresentation of Insurance Policy. Misrepresenting an
insurance policy by: 


 (b) failing to state a material fact that is necessary to make
other statements made not misleading, considering the
circumstances under which the statements were made; 


 (c) making a statement in such manner as to mislead a
reasonably prudent person to a false conclusion of a
material fact;


 (e) failing to disclose any matter required by law to be
disclosed, including a failure to make disclosure in
accordance with another provision of this code. 


Tex. Ins. Code Ann. art. 21.21 § 4(11)(b)(c)(e) (Vernon Supp. 2002). 

 In support of his argument, Kuper references the following evidence: 

 (1) STGC represented that access to a county road existed on
Tract 1. In his affidavit, Kuper states that he told Shelton that
without assurance of access, there would be no closing. Based on
this discussion, NAC assured Shelton and Kuper in writing that
the road leading from F.M. 2819 to Tract 1 was a public county
road.

 

 (2) STGC made no exception as to ingress and egress on the Tract
1 title policy. 

 

 (3) STGC made an exception as to ingress and egress on the Tract
2 title policy.

 

 (4) In a letter to Kuper, Shelton wrote that if and when both tracts
were sold simultaneously to the same purchaser, the exception to
access on Tract 2 would be deleted. 


 Kuper argues that, when these representations were made, STGC failed to
disclose that it would not defend ingress and egress to Tract 1. He contends that a
reasonably prudent person would have concluded that STGC would defend access to
Tract 1 and the combined access rights of Tract 1 and 2. 


 Misidentification


 On appeal, STGC contends that Kuper has misidentified the defendant. It
argues that Kuper confuses Stewart Title Company (STC) with STGC, and that there
is no evidence of any representations to Kuper by STGC. As evidence of this
misidentification, STGC points to the letterhead on Shelton's letter which states,
"Stewart Title" and to the designation of "Stewart Title Company" above Shelton's
signature. STGC argues that the companies are separate entities. Kuper argues that
STC is the same as STGC. 

 Preliminarily, we must determine whether STGC has preserved this argument. (1) 

Issues not expressly presented to the trial court by written motion, answer, or other
response shall not be considered on appeal as grounds for reversal. Tex. R. Civ. P.
166a(c). All theories in support of or in opposition to a motion for summary
judgment must be presented in writing to the trial court. Casso v. Brand, 776 S.W.2d
551, 553 (Tex. 1989). Because STGC did not present the issue of misidentification
in writing to the trial court, it has waived this issue on appeal. See Tex. R. App. P.
33.1. 


 Misrepresentation by STGC 


 Kuper contends that STGC is liable under article 21.21 of the Insurance Code
based on its misrepresentations that access was guaranteed by a public county road. 
There is summary judgment evidence that Kuper made Shelton aware that, without
assurances of access to Tract 1 by way of a county road, he would not close the
transaction. In response to this concern, Shelton contacted Davis to determine the
status of the road. Davis represented directly to Kuper that the road leading to Tract
1 was a public county road. He sent a copy of this letter to Shelton, who forwarded
it to Kuper. Shelton was, therefore, aware that Kuper believed that Tract 1 was
accessible by a public county road. This evidence is more than a scintilla of proof to
defeat a no-evidence motion for summary judgment on Kuper's Insurance Code claim
that STGC made a misrepresentation prohibited by article 21.21.

 We sustain Kuper's fourth issue. 

DTPA

 In his fifth issue, Kuper argues that the trial court erred in ruling that there was
no evidence of a DTPA violation. 

 STGC's motion for summary judgment alleged that there was no evidence that
Kuper qualified as a consumer. To meet the DTPA's standing requirement, a
complaining party must plead and prove that he or she is a "consumer" under the Act. 
See Tex. Bus. & Com. Code Ann. § 17.45(4) (Vernon Supp. 2002); Thompson v.
Deloitte & Touche, L.L.P., 902 S.W.2d 13, 19 (Tex. App.--Houston [1st Dist.] 1995,
no writ). To establish DTPA consumer status, a complaining party must show that
(1) it "has sought or acquired goods or services by purchase or lease," and (2) "the
goods and services in question must form the basis of the plaintiff's complaint." 
Thompson, 902 S.W.2d at 19.

 The DTPA does not require a party to specifically refer to itself as a
"consumer" when pleading its cause of action under the act. Lara v. Lile, 828 S.W.2d
536, 541 (Tex. App.--Corpus Christi 1992, writ denied). The complaining party
need only allege facts showing that it fits within the act's definition of consumer. Id. 
In Kuper's response to STGC's motion for summary judgment, he stated that he
purchased a title insurance policy. The term "services" includes the purchase of
insurance policies. 3Z Corp. v. Stewart Title Guar. Co., 851 S.W.2d 933, 937 (Tex.
App.--Beaumont 1993, writ denied). Thus, Kuper properly qualified as a consumer. 
 STGC next argues that no misrepresentation was made under the DTPA. The DTPA provides that:

[T]he failure to disclose information concerning goods or
services which was known at the time of the transaction if
such failure to disclose such information was intended to
induce the consumer into a transaction into which the
consumer would not have entered had the information been
disclosed.


Tex. Bus. & Com. Code Ann. § 17.46(b)(23) (Vernon 1987). 

 Kuper made Shelton aware that, without assurances of access to Tract 1 by way
of a county road, he would not close the transaction. In response to this concern,
Shelton contacted Davis to determine the status of the road. Davis represented
directly to Kuper that the road leading to Tract 1 was a public county road. He sent
a copy of this letter to Shelton, who forwarded it to Kuper. Shelton was therefore
aware that Kuper believed that Tract 1 was accessible by a public county road. This
evidence is more than a scintilla of proof to defeat a no-evidence motion for summary
judgment on Kuper's DTPA claim. 

 To the extent that STGC bases its contention that there is no evidence that
Kuper is a "consumer" as to STGC as opposed to STC, we have already rejected that
argument in our discussion above regarding STGC's misidentification argument. 

 We sustain Kuper's fifth issue.

Breach of Contract


 In his sixth issue, Kuper argues that the trial court erred in ruling that there was
no evidence of STGC's breach of contract. He argues that STGC breached its title
policy guarantee that the access road was a public county road. 

 In support of his breach of contract claims, Kuper asserts that the title insurance
policy on Tract 1 makes reference to the Tract 1 deed from Kuper's seller to Kuper,
thus incorporating the deed description into the title policy. The deed contains the
following language in connection with provisions for partial release of lien: "Tracts
will be released beginning at the southeast corner of the property with the northeast
corner being released last, and all released parcels will be a minimum of one acre with
a simultaneous release of a perpetual easement connecting released parcels with the
county road connecting the property with Farm Road 2819." (Emphasis added). 
Although this deed language was not specifically set forth in the title policy, Kuper
argues that it was incorporated into the title policy based on the policy's reference to
the deed; thus, STGC guaranteed that the access road from Farm Road 2819 was a
public county road. 

 Kuper relies on Clements v. Stewart Title Guar. Co., 537 S.W.2d 126, 128
(Tex. Civ. App.--Austin 1976, writ ref'd n.r.e.), to support his deed incorporation
argument. In Clements, STGC issued a title policy that insured two tracts of land that
were separated from the public road by a ranch. Id. at 127. The prior owner's deed
specifically provided for an easement across the ranch to the public road. Id. at 128. 
Most importantly, the title policy described the land only in reference to the prior
owner's deed. Id. 

 The Austin Court of Appeals held that the title policy guaranteed that the
owners had good title to the land described in the deed. Id. Because the deed
contained the description of the easement, the court held that title policy incorporated
the easement description. Id. The court also noted that although the title policy
contained exceptions, the easement to the roadway was not excepted. Id. Thus,
STGC was liable for the value of the easement. Id. at 129. 

 Clements is distinguishable, however. The title policy in Clements described 
the real property as follows: 

 FIRST TRACT: 1.395 acres of land, more or less, out of the JOSEPH
D. RICE SURVEY NO. 10, in Hays County, Texas, and being the same
property conveyed by deed dated July 1, 1971, from J. A. Caballero and
wife, Rose B. Caballero, to Manning C. Clements and wife, Winn M.
Clements, said deed having been filed for record in the office of the
County Clerk of Hays County, Texas, on July 23, 1971, under Clerk's
file No. 72736.

Id. at 128. No metes and bounds or other description was included. Id. Therefore,
the deed, which referenced the easement, was necessarily incorporated into the title
policy. By contrast, Kuper's title policy described the land by its metes and bounds. 
We conclude that, because the metes and bounds legal property description was set
forth in Kuper's title policy, the deed description was not necessarily incorporated
into his policy. 

 We overrule Kuper's sixth issue. 

Agency


 In his eighth issue, Kuper argues that the trial court erred in ruling that there
was no evidence of an agency relationship between STGC and NAC. It is his
contention that, because NAC was STGC's agent, STGC is liable for NAC's
misrepresentations under the Insurance Code. He argues that there is a fact issue
whether NAC had actual or apparent authority to act on behalf of STGC. 

 A principal is liable for the acts of its agent when the agent has actual or
apparent authority to do those acts or when the principal ratifies those acts. See 
Currey v. Lone Star Steel Co., 676 S.W.2d 205, 209 (Tex. App.--Fort Worth 1984,
no writ) (actual and apparent authority); Little v. Clark, 592 S.W.2d 61, 64 (Tex. Civ.
App.--Fort Worth 1979, writ ref'd n.r.e.) (ratification). "Actual" authority, which
includes both express and implied authority, usually denotes that authority a principal
(1) intentionally confers upon an agent, (2) intentionally allows the agent to believe
that he possesses, or (3) allows the agent to believe that he possesses by want of due
care. Currey, 676 S.W.2d at 209-10; Behring Int'l Inc. v. Greater Houston Bank, 662
S.W.2d 642, 649 (Tex. App.--Houston [1st Dist.] 1983, writ dism'd). "Implied"
actual authority exists only as an adjunct to express actual authority, Behring, 662
S.W.2d at 649, because implied authority is that which is proper, usual, and necessary
to the exercise of the authority that the principal expressly delegates. Employers Cas.
Co. v. Winslow, 356 S.W.2d 160, 168 (Tex. Civ. App.--El Paso 1962, writ ref'd
n.r.e.).

 Kuper made Shelton aware that he would not close the transaction without
getting assurances that the access road to Tract 1 was a public county road. Shelton
enlisted the help of NAC in conducting an investigation into the matter. NAC sent
letters to Shelton and Kuper, stating that it believed the roadway was a public county
road. We conclude that Kuper has produced more than a scintilla of evidence to raise
a fact issue on whether STGC is liable for the representations of NAC. 

 We sustain Kuper's eighth issue. 



Conclusion


 We reverse the judgment of the trial court and remand for further proceedings
consistent with this opinion. Any outstanding motions are denied. 



 Adele Hedges

 Justice


Panel consists of Justices Hedges, Jennings, and Wilson. (2)

Do not publish. Tex. R. App. P. 47.
1. STGC did not raise this argument in its First Amended Original Answer. 
2. The Honorable Davie L. Wilson, retired Justice, Court of Appeals, First
District of Texas at Houston, participating by assignment.